No. 25.—WILEY BARRON, plaintiff in error, *vs.* THOMAS W. CHIPMAN, defendant in error.

[1.] *Failure of consideration* is a good plea to a note given by the Sheriff, in discharge of a rule absolute against him, to pay the money due on an execution, when that rule is subsequently rescinded, as *illegal* and *unjust.*

Debt. Plea—Failure of consideration. Tried before Judge FLOYD, in Monroe Superior Court, September Term, 1847.

Barron *vs.* Chipman.

For the facts of the case, the reader is referred to the opinion delivered by the Supreme Court.

HUNTER & HARMON, for the plaintiff in error.

PINCKARD, for the defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Wiley Barron, the plaintiff in error, was security for Hugh Lockett to one Robert McInvail, and took for his indemnity a mortgage from his principal on some negroes. Having the debt to pay, he foreclosed his mortgage before a Justice of the Inferior Court, and placed the execution in the hands of Thomas W. Chipman, the (then) Sheriff of Monroe county, who levied on the property embraced in the mortgage, and advertised the same for sale, leaving it in the possession of Lockett. On the day of sale, instead of producing the negroes, Lockett made an affidavit of illegality to the mortgage execution, and again gave bond, under the Act of 1838, for the forthcoming of the property at the next Term of the Inferior Court. The illegality was dismissed and the execution ordered to proceed. The property was readvertised, but never delivered by the mortgagor; and at the ensuing Term of the Inferior Court, the Sheriff was ordered to pay to the mortgagee the amount of principal, interest and cost due upon his execution. He gave his note, with Elbridge G. Cabiness and Allen Cochran, securities, for the sum due Barron.

The note, not having been paid at maturity, was sued; and the defendants pleaded, among other things, failure of consideration. Pending this action, an application was made, on notice to Wiley Barron, to the Inferior Court, to rescind the rule absolute originally granted against the Sheriff, and it was done—the judgment of rescision declaring the rule absolute illegal, unjust, null and void.

Barron certioraried this proceeding of the Inferior Court, and the Superior Court set it aside. An appeal was taken to this Court by Chipman, and the judgment of the Circuit Court was reversed—thereby affirming the decision of the Inferior Court.

When the cause came on for final trial on the note, Judge Floyd charged the jury, that if they believed from the evidence that the note in controversy was given *solely* in consideration of

the rule absolute granted against Chipman, that inasmuch as that rule had been pronounced by a Court of competent jurisdiction to be illegal and void, that the plaintiff must fail. If, on the other hand, they should find that the note was given in whole or in part upon any other consideration, then their verdict should be against the defendants.

[1.] The presiding Judge was asked to charge and did give instructions on various other points; but after carefully scrutinizing the record, we believe that the finding of the jury has established that the note was given *solely* on account of the liability of Chipman, on the rule absolute, and that, therefore, it is only necessary to examine a single point in the bill of exceptions. And that is, whether or not the Court below erred in holding that, upon the recision of the rule absolute, the consideration of the note wholly failed? And the right adjudication of that question, must depend upon the legal effect of that rescinding order.

It is contended by the counsel for the plaintiff in error, and we think properly, that the execution of the note by the Sheriff, was a satisfaction or extinguishment of the rule absolute. But the question is, how did the *reversal* of that rule absolute leave the parties?

A reversal of a prior judgment is a reversal of a judgment recovered on such prior judgment. *Waldron vs. Ely,* 1 *Penn. R.* 79. *Stillman vs. Ackley, ib.* 165.

The reversal of the original judgment reverses a judgment upon a bond for the prison limits. *Anderson vs. Radley,* 2 *Penn. R.* 800.

Where A., having recovered judgment against B., extended his execution upon certain real estate, whereby he became tenant in common with C., against whom he subsequently recovered judgment for the rents and profits accruing during the tenancy in common, and A.'s judgment against B. was afterwards reversed for error, it was held, that C. might recover back the rents and profits paid by him, though the judgment whereon they were paid was unreversed. *Lagell vs. Miller,* 15 *Mass. R.* 207.

A judgment which is for any cause *reversed,* can have no legal effect whatever, and if money be paid on it, it may be recovered back in an action of assumpsit for money had and received. 2 *Root,* 156. 2 *Day,* 153. 2 *Chip.* 103. 10 *Wend.* 354. 6 *Cowen,* 297. 5 *Stewart & Porter,* 119. 1 *Harris & Johnson,* 405. 13 *Serg. & Rawle,* 292.

If these propositions be maintainable,—and there can be no doubt of their soundness,—then was the charge of Judge Floyd correct. For if it be contrary to equity and right to retain money which has been received upon a judgment after it is reversed, much more can the reversal be pleaded in defence to a note given in satisfaction of such a judgment. A judgment reversed is mere waste paper, and the rights of the party immediately on the reversal, are restored to the same situation in which they stood prior to the pronouncing the judgment reversed.

Wiley Barron can pursue his remedy on the bond taken by the Sheriff for the forthcoming of the property, and which has been assigned to him under the order of the Court; and if it should be found that that bond was not authorized by the Act of 1838, for that or any other illegal conduct on the part of the Sheriff, he will be entitled to pursue his remedy against that officer and his securities.

Under the statute organizing this Court, a party may bring up a cause without staying proceedings in the Court below. His adversary, however, proceeds at his peril. For should he go on to enforce an erroneous judgment, which is finally reversed, he will be compelled to make restitution.

*Judgment affirmed.*