38621.  CARTWRIGHT *et al.* v. COMMERCIAL CREDIT EQUIPMENT CORPORATION.

DECIDED APRIL 7, 1961.

*Jack Turoff,* for plaintiffs in error.

*Zachary & Hunter, W. E. Zachary,* contra.

FRANKUM, Judge. ■ The plaintiff filed a motion to dismiss the writ of error on two grounds: (a) That the brief of evidence did not comply with *Code Ann.* § 6-813, and (b) That the defendants have not made a proper assignment of error.

The stenographic report of the trial used in lieu of a brief of evidence contains no colloquies between counsel, rulings of the court, motions, immaterial questions or answers or parts thereof, and in form and substance sufficiently complies with *Code Ann.* §§ 6-813 and 70-312 (Ga. L. 1953, pp. 440, 450).

The contention that there is no proper assignment of error is without merit. "The better practice, unless all the assignments are amenable to the same objection, is to call attention to the assignments which do not specifically allege error, in the brief or oral argument, accompanied with a suggestion that such be not considered. In any event this court will, when it has a case under consideration, decline to consider any exception not properly made." *Dickson v. Burwell,* 113 Ga. 93, 95 (38 S. E. 319). The defendants have made a proper assignment of error complaining of the overruling of the motion for a new trial. Accordingly, the motion to dismiss the writ of error is denied.

■ No part of the amendment to the original motion for a new trial (denominated as special grounds of the motion for a new trial by the movants) assigns as error any ruling of the trial court, nor any action of the trial court, as erroneous. Every paragraph of the amendment, taken separately or collectively, constitutes nothing more than an amplification, argument, or insistence on the general grounds of the motion for a new trial. See *Ward v. Nance,* 102 Ga. App. 201 (115 S. E. 2d 781); *Pryor v. State,* 102 Ga. App. 744 (117 S. E. 2d 880). Consequently, the only question for determination is whether the evidence is sufficient to support the verdict.

Whether a guarantor can be joined in a single action with the debtor is not for our determination since such question was not raised in the trial court nor in this court. "Persons not jointly liable and who cannot be joined in a single action must, in order to prevent a valid judgment from being entered up against them

notwithstanding this defect, raise the question of misjoinder by a timely special plea or special demurrer." *Ebner v. Gulf Oil Corp.*, 99 Ga. App. 586 (1) (109 S. E. 2d 81).

"Where the verdict can be supported under any proper view or theory of the evidence, it will not be set aside as being contrary thereto." *Sikes v. Bradley*, 20 Ga. App. 470 (1) (93 S. E. 111). The cases are legion holding that when there is any evidence to support the verdict, it will not be set aside on the general grounds of a motion for a new trial. See *Code* § 70-202 et seq. The evidence is ample in the instant case to show the payments under the contract to be in default and that the respective defendants are obligated to pay the amount sued for.

It is contended by the defendants in their plea that the plaintiff maintained a fire insurance policy on the chattels described in the contract in an amount equal to the unpaid balance due thereon; however, there is no proof to show the defendants to have been insured under such policy. The contract does not provide for the plaintiff to maintain insurance for the defendants' benefit, and the evidence shows that the defendants paid no consideration for the insurance. While expressly not ruling on the sufficiency of such plea, there is no proof to sustain the defense pleaded.

The evidence is sufficient to support the judgment.

*Judgment affirmed. Townsend, P.J., Carlisle and Jordan, JJ., concur.*