40819. McFARLAND v. LUMPKIN et al.

DECIDED SEPTEMBER 8, 1964.

*Walter G. Cooper,* for plaintiff in error.

*S. S. Robinson,* contra.

NICHOLS, Presiding Judge. ■ The contract sued on in count 1 of the petition showed that the plaintiff was employed by the defendant Emma S. Lumpkin to represent her and the temporary administrator, and that such employment was accepted by S. D. O'Neal who is alleged to be the temporary administrator.

The allegations of the petition, the contract, and the attorney's lien attached as an exhibit to the petition, show that the case does not fall within the category of *Estes v. Collum,* 91 Ga.

App. 186 (85 SE2d 561), where the original action was to recover property for the estate and for which the estate would be responsible for reasonable attorney's fees for the use of the heirs' attorney who recovered such property for the estate, but rather involves a situation where an attorney is employed to establish, in a contested case, that the employer is an heir at law of the deceased, and as such was entitled to nominate the person appointed to administer such estate. Under such circumstances the Act of 1964 (Ga. L. 1964, p. 211), amending *Code* § 113-1522 is not applicable, for the litigation was not between the estate and a third party but was for the purpose of determining rights between possible heirs to the estate.

As to the provisions contained in the contract, under the decisions in *Southern Land, Timber &c. Corp. v. Davis & Floyd,* 109 Ga. App. 191 (135 SE2d 454), and the cases there cited the contract, being for professional services, was sufficiently definite to support the action and is therefore distinguishable from the cases exemplified by *Peachtree Medical Building v. Keel,* 107 Ga. App. 438 (130 SE2d 530), where the alleged executory contract was between a building contractor and a land owner and it was held that the contract was not sufficiently definite to support a cause of action. Moreover, since the plaintiff had fully performed the services he was engaged to render, the question of whether the contract was sufficiently definite became moot. *Jones v. Dupree,* 93 Ga. App. 830 (4) (93 SE2d 191).

The demurrer which the trial court sustained attacked the petition as not setting forth a cause of action against the defendants jointly or individually. This demurrer did not raise the question of misjoinder of parties defendant or of causes of action (See *Cartwright v. Commercial Credit Equipment Corp.,* 103 Ga. App. 480, 119 SE2d 606; *Ebner v. Gulf Oil Corp.,* 99 Ga. App. 586 (1) 109 SE2d 81, and citations), and since the petition set forth a cause of action against the defendant Emma Lumpkin the judgment of the trial court sustaining such general demurrer must be reversed.

■ In as much as the judgment of the trial court sustaining the general demurrer to the first count of the petition must be reversed the further proceedings were nugatory.

*Judgment reversed. Hall and Russell, JJ., concur.*