## 46128. NEWSOME v. BLACK.
(374 SE2d 733)

WELTNER, Justice.

Terry Lee Black was found guilty by a jury of aggravated assault upon Johnny Sorey and possessing a deadly weapon while confined in a penal institution. He was sentenced to a term of years in prison. His trial attorney, an experienced criminal defense lawyer, appealed the convictions to the Court of Appeals. That court affirmed Black's convictions in an unpublished opinion, the only assignment of error being the alleged insufficiency of the evidence. Black then filed a petition for a writ of habeas corpus. The only constitutional error raised in his petition was the use at his trial by the prosecution of a statement that he made to a prison official following a fight with a fellow prisoner. Prior to giving the statement, Black was not advised of his *Miranda* rights. He testified that he thought the statement was to be used only in connection with an internal prison investigation, and not in any criminal prosecution.

The victim, Sorey, testified at trial that Black attacked him with a homemade knife and cut him several times. A prison guard testified that he did not see the fight start, but later saw Black slashing the victim with the knife. Black, who was not cut in the fight, testified that Sorey attacked him with the knife and that he was able to gain possession of the knife after the attack started.

Black's statement, which was used in cross-examination but was not tendered into evidence, was substantially the same as his testimony, except for the fact that Black's testimony was considerably more detailed than the statement. Black's attorney, who had been furnished with a copy of the statement before trial, did not object to the prosecution's use of the statement during Black's cross-examination. On appeal, he did not enumerate the use of the statement as error. At the hearing on the petition for a writ of habeas corpus, the attorney testified that he made no objection to the use of the statement.

The habeas corpus court declined to rule on the state's contention that Black's challenge to the use of his statement was barred by his default, and remanded the case to the trial court for a finding as to whether Black voluntarily made the statement, ruling that if the trial court found the statement was not voluntary, a new trial was to be ordered. The attorney general appeals.

1. OCGA § 9-14-49 provides:

> After reviewing the pleadings and evidence offered at the trial of the case, the judge of the superior court hearing the case shall make written findings of fact and conclusions of law upon which the judgment is based. The findings of fact

and conclusions of law shall be recorded as part of the record of the case.

Hence, the statute does not authorize the superior court in a habeas corpus proceeding to remand the proceeding to another superior court.

2. OCGA § 9-14-48 (d) provides:

The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice. If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence. . . .

The attorney general argues that Black is not entitled to relief because he failed at trial and on appeal to raise the question of the use by the prosecution of his pre-trial statement. In *Valenzuela v. Newsome*, 253 Ga. 793, 796 (325 SE2d 370) (1985) we held:

Thus the full rule may be stated in this manner: a failure to make timely objection to an alleged error or deficiency ordinarily will preclude review by writ of habeas corpus. However, an otherwise valid state procedural bar will not preclude a habeas corpus court from considering alleged errors or deficiencies if there shall be a showing of adequate cause for failure to object *and* a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice.

In *Engle v. Isaac*, 456 U. S. 107, 134-5 (102 SC 1558, 1575, 71 LE2d 783) (1982), the Supreme Court of the United States stated:

Every trial presents a myriad of possible claims. Counsel might have overlooked or chosen to omit respondents' due process argument while pursuing other avenues of defense. We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial by a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. Where the basis of a constitutional claim is available, and

other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.

We find no "cause and prejudice," and no miscarriage of justice. Accordingly, Black is entitled to no relief.
*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 6, 1989.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellant.
Terry Lee Black, *pro se.*