## S05A1560. EHCA CARTERSVILLE, LLC v. TURNER.
## S05A2066. GARLAND v. EARLE et al.
(626 SE2d 482)

SEARS, Chief Justice.

We granted applications for interlocutory appeal in these two cases to consider the constitutionality of OCGA § 9-10-31 (c) and of OCGA § 9-10-31.1 (a), which were enacted as part of the Tort Reform Act of 2005.[1] For the reasons that follow, we conclude that OCGA § 9-10-31 (c) violates the provision of our Constitution providing for venue in actions against joint tortfeasors,[2] but that OCGA § 9-10-31.1 (a) does not.

1. Art. VI, Sec. II, Par. IV of the Georgia Constitution provides that "[s]uits against . . . joint-tortfeasors . . . residing in different counties may be tried in either county." Relying on this provision, the plaintiffs in both of the present cases filed their medical malpractice actions in a county of residence of a joint tortfeasor. The counties where the plaintiffs filed the actions, however, were not the counties where the torts occurred. In each case, a defendant who resided in the county where the tort occurred moved to have the case transferred to that county pursuant to OCGA § 9-10-31 (c). That Code section provides that, in a medical malpractice action, "a nonresident defendant may require that the case be transferred to a county of that defendant's residence if the tortious act upon which the medical malpractice claim is based occurred in the county of that defendant's residence." The plaintiffs, on the other hand, contended that, under OCGA § 9-10-31 (c), if a nonresident defendant may require that a case be tried in the county of his residence, venue is limited to that county, and the case may no longer be tried in the county of residence of any joint tortfeasor, thus violating the joint tortfeasor provision of the Constitution. In Case No. S05A1560, the trial court held that OCGA § 9-10-31 (c) was unconstitutional, but in Case No. S05A2066, the trial court reached the opposite conclusion. We conclude that OCGA § 9-10-31 (c) violates the joint tortfeasor venue provision of our Constitution.

This Court has addressed two previous cases in which plaintiffs have contended that statutory venue provisions violated the joint tortfeasor venue provision of our Constitution.[3] In *Glover*,[4] the plaintiffs sued MARTA in DeKalb County, the county of residence of one of MARTA's joint tortfeasors. Because a statute limited venue of actions

---

[1] Ga. Laws 2005, pp. 1, 2, § 2.

[2] 1983 Ga. Const., Art. VI, Sec. II, Par. IV.

[3] *Glover v. Donaldson*, 243 Ga. 479 (254 SE2d 857) (1979); *Campbell v. Dept. of Corrections*, 268 Ga. 408, 411 (490 SE2d 99) (1997).

[4] 243 Ga. 479.

against MARTA to the Superior Court of Fulton County, MARTA contended that the action against it in DeKalb County had to be dismissed. MARTA also contended that the statutory venue provision was a constitutional term on which the State had consented to be sued. The plaintiffs, however, contended that the statutory venue provision was unconstitutional because it violated the constitutional joint tortfeasor venue provision. The trial court ruled in favor of MARTA, but on appeal, this Court reversed. We held that the State's waiver of sovereign immunity was not conditioned on the statutory venue provision, and that, as there was no constitutional authority for the statutory venue provision, the constitutional joint tortfeasor venue provision could not be varied by the statute.[5]

In *Campbell v. Dept. of Corrections,*[6] we addressed a situation similar to that presented in *Glover.* In *Campbell,* the plaintiff contended that OCGA § 50-21-28, which provides that venue in tort actions against the State under the Georgia Tort Claims Act is in the county where the loss occurred, contravened the joint tortfeasor venue provision of our Constitution. We concluded, however, that it did not, as the General Assembly had the authority under Art. I, Sec. II, Par. IX (a) of the Constitution to enact OCGA § 50-21-28.[7] In this regard, Art. I, Sec. II, Par. IX (a) authorized the General Assembly to set the terms and conditions of any State waiver of sovereign immunity. We held that, although a statute could not by itself contravene a constitutional provision, "OCGA § 50-21-28 is the implementation of a constitutional amendment authorizing not only the adoption of the [Georgia Tort Claims Act] but also the limitation on the waiver of sovereign immunity."[8]

The defendants in these actions contend that OCGA § 9-10-31 (c) is authorized by Art. VI, Sec. II, Par. VIII of the Constitution, and that, even if it is not, OCGA § 9-10-31 (c) simply does not violate the joint tortfeasor provision of the Constitution. We will address the latter contention first. As for this contention, the defendants contend OCGA § 9-10-31 (c) does not violate the rationale of *Glover* because it authorizes, as in the present cases, the transfer of venue from one county where venue would be appropriate to another county where venue would be appropriate, whereas the statute in *Glover* had no provision for a transfer and simply authorized a trial court to dismiss an action filed against MARTA in any county other than Fulton

---

[5] Id. at 480-483.
[6] 268 Ga. 408.
[7] Id. at 410-411.
[8] Id. at 411.

County. However, this distinction is insufficient to save OCGA § 9-10-31 (c). The joint tortfeasor venue provision provides that an action against joint tortfeasors may be "tried" in the county of residence of either tortfeasor. In *Glover*, the statute permitted the plaintiff to try the action in the county of residence of only one joint tortfeasor, MARTA, and the Court in *Glover* thus held that the statute was unconstitutional. Similarly, in the present case, once a nonresident tortfeasor moves to transfer an action under OCGA § 9-10-31 (c), the case may only be tried in one county, the county of that tortfeasor's residence. For the foregoing reasons, we conclude that the defendants' attempts to distinguish the present cases from *Glover* are unavailing.

The defendants, however, also contend that OCGA § 9-10-31 (c) is authorized by Art. VI, Sec. II, Par. VIII of the Constitution, which provides that the "power to change the venue in civil and criminal cases shall be vested in the superior courts to be exercised in such manner as has been, or shall be, provided by law."

Initially, we note that both of the trial courts in the present cases are state courts, and that the defendants contend that the term "superior courts" in Art. VI, Sec. II, Par. VIII should be construed to include "state courts." We agree. State courts were not created until 1970,[9] and they have concurrent jurisdiction with the superior courts in certain civil and criminal cases.[10] If the term "superior courts" were construed so as not to include "state courts," then state courts would not have the right to change venue in trials, including criminal trials,[11] when, for instance, a fair and impartial jury could not be obtained.[12] This result is unreasonable, and leads us to conclude that the term "superior courts" in Art. VI, Sec. II, Par. VIII must be construed to include "state courts."

The defendants correctly contend that Art. VI, Sec. II, Par. VIII authorizes the General Assembly to enact laws that permit the

---

[9] See Ga. Laws, 1970, pp. 679, 680; *Marler v. C & S Bank*, 239 Ga. 342, 343 (236 SE2d 590) (1977).

[10] See Art. VI, Sec. III, Par. I of the Constitution, which provides that state courts "shall have uniform jurisdiction as provided by law." OCGA § 15-7-4 provides that state courts have jurisdiction, "concurrent with the superior courts," over "trial[s] of criminal cases below the grade of felony," OCGA § 15-7-4 (a) (1), and the "trial of civil actions without regard to the amount in controversy, except those actions in which exclusive jurisdiction is vested in the superior courts," OCGA § 15-7-4 (a) (2).

[11] There is a constitutional right to trial by jury in misdemeanor cases. *Geng v. State*, 276 Ga. 428, 430-431 (578 SE2d 115) (2003).

[12] See OCGA § 17-7-150, enacted pursuant to Art. VI, Sec. II, Par. VIII, which provides rules for changing venue "in any criminal case in which a trial by jury is provided" and in which the defendant alleges that an impartial jury cannot be obtained in the county where the crime occurred. Also, see OCGA § 9-10-50, which provides for changes of venue in civil cases in which a fair and impartial jury cannot be obtained.

superior and state courts to exercise the power to change venue. The defendants, however, incorrectly contend that OCGA § 9-10-31 (c) is a proper exercise of that authority. Art. VI, Sec. II, Par. VIII vests the power to change venue in the courts, whereas OCGA § 9-10-31 (c) vests the power, not in the courts, but in nonresident defendants who reside in the county where the tort occurred. Such a defendant may require a court to transfer venue by simply filing a motion to transfer, thus divesting the courts of any power over the decision to change venue.

For the foregoing reasons, we conclude that OCGA § 9-10-31 (c) violates Art. VI, Sec. II, Par. IV of our Constitution. Accordingly, in Case No. S05A1560, we affirm the trial court's ruling that OCGA § 9-10-31 (c) is unconstitutional, and in Case No. S05A2066, we reverse the trial court's ruling that OCGA § 9-10-31 (c) is constitutional.

2. OCGA § 9-10-31.1 (a) provides that a trial court may decline to exercise jurisdiction over a case and may transfer it to "a different county of proper venue within this state" if the court determines that "the interest of justice" and "the convenience of the parties" warrant that course of action. The statute sets forth seven factors for the trial court to consider in determining whether to transfer venue under the doctrine of forum non conveniens.[13]

In Case No. S05A2066, one of the defendants moved the trial court to transfer venue under the doctrine of forum non conveniens pursuant to OCGA § 9-10-31.1 (a). The plaintiff opposed the motion, contending that OCGA § 9-10-31.1 (a) violated the joint tortfeasor venue provision of our Constitution. The trial court held that the statute was constitutional and transferred venue under the doctrine of forum non conveniens.[14] On appeal, the plaintiff contends that the trial court erred, and the defendants contend that OCGA § 9-10-31.1 (a) is authorized by Art. VI, Sec. II, Par. VIII of the Constitution, and thus does not conflict with Art. VI, Sec. II, Par. IV of the Constitution.

---

[13] OCGA § 9-10-31.1 (a) (1)-(7). OCGA § 9-10-31.1 (a) also permits a trial court to dismiss an action under the doctrine of forum non conveniens if it determines that the case "would be more properly heard in a forum outside this state." That part of the statute is not at issue in these cases. We also note that, although this Court has used its inherent authority to adopt the doctrine of forum non conveniens in a very limited context, see *AT&T Corp. v. Sigala*, 274 Ga. 137 (549 SE2d 373) (2001), adopting the doctrine for "lawsuits brought in our state courts by nonresident aliens who suffer injuries outside this country," id. at 139, we have emphasized that "the doctrine of forum non conveniens is generally controlled by statutory provisions." *Holtsclaw v. Holtsclaw*, 269 Ga. 163, 163-164 (496 SE2d 262) (1998).

[14] The defendant who moved the trial court to transfer venue under the doctrine of forum non conveniens was not the same defendant who moved the trial court to transfer venue under OCGA § 9-10-31 (c), but both defendants moved that venue be transferred to the same county.

In this regard, Art. VI, Sec. II, Par. IV of the Constitution permits a case to be tried in the county of any joint tortfeasor, and, pursuant to that provision, the plaintiff in Case No. S05A2066 properly filed his action in the county of residence of one of the tortfeasors. However, by providing that superior courts have the power to change venue in the manner provided by law, Art. VI, Sec. II, Par. VIII plainly contemplates that, once a plaintiff has filed his or her action in an appropriate venue, the court has the authority to exercise its discretion to change the venue selected by the plaintiff if the General Assembly has enacted a statute authorizing it to do so.[15] In the present case, because OCGA § 9-10-31.1 (a) vests the power to change venue in the court, and not in a defendant, as does OCGA § 9-10-31 (c), we conclude that OCGA § 9-10-31.1 (a) is a proper exercise of authority under Art. VI, Sec. II, Par. VIII of the Constitution, and thus does not violate Art. VI, Sec. II, Par. IV of the Constitution.[16]

3. The plaintiff in Case No. S05A2066 contends that, even if OCGA § 9-10-31.1 (a) does not violate the joint tortfeasor venue provision of our Constitution, it cannot be applied to his case, as he filed his action before OCGA § 9-10-31.1 (a) became effective on February 16, 2005. For the reasons that follow, we disagree.

The General Assembly provided that OCGA § 9-10-31.1 (a) would apply retroactively unless that application would be unconstitutional.[17] Because we have determined that the statute is constitutional, whether the statute can be applied to this case turns on whether the statute is procedural or substantive in nature, as procedural statutes are given retroactive effect unless a contrary legislative intent appears, whereas substantive statutes are not.[18]

"Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations."[19] It has been held that statutes affecting where an action may be tried are procedural and not substantive in nature.[20] Garland, however, relies on *Nat.*

---

[15] See *Lowry v. McDuffie*, 269 Ga. 202, 206 (496 SE2d 727) (1998) ("[T]his Court must honor the plain and unambiguous meaning of a constitutional provision.").

[16] See *Campbell v. Dept. of Corrections*, 268 Ga. at 410-411. Compare *Holtzclaw*, 269 Ga. 163, in which this Court held, in dicta, that to the extent the forum non conveniens provision of the Uniform Child Custody Jurisdiction Act permitted a trial court to dismiss, not only a custody proceeding, but a divorce proceeding as well, it violated Art. VI, Sec. II, Par. I of the Constitution, which provides that a plaintiff has a right to sue for divorce in the county of his residence if the defendant has moved from the State. In *Holtzclaw*, however, unlike the present case and *Campbell*, there was not a constitutional provision that might have authorized the statute in question.

[17] Ga. Laws 2005, pp. 1, 18, § 15 (b).

[18] *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988).

[19] Id.

[20] See *Central Ga. Power Co. v. Stubbs*, 141 Ga. 172, 181 (80 SE 636) (1913); *Brinson v.*

*Surety Corp. v. Boney*[21] to contend OCGA § 9-10-31.1 (a) should not be applied retroactively. In *Boney*, the Court of Appeals noted that the language of the new venue statute at issue indicated that it was to be applied to future cases only. Although that pronouncement could have ended the Court of Appeals' discussion concerning whether the new statute should be applied to pending cases, the Court went further and stated that it

> [was] of the opinion that once a right of action is reduced to a petition, filed as a law suit in a court of competent jurisdiction and parties litigant served, it then becomes a vested right in both the plaintiff and defendant to have said cause tried in that particular court, and such right is not subject to be divested by legislation enacted subsequently to the filing of said action in such court of competent jurisdiction to the detriment of either party.[22]

This Court granted certiorari in *Boney* and subsequently affirmed its holding that the new venue statute should be applied prospectively.[23] We did so, however, not by endorsing the vested-right language from the Court of Appeals' opinion, but with a simple citation of authority to a prior case of this Court holding that the legislature intended the statute in question to apply prospectively only.[24] Moreover, the Court of Appeals' language regarding vested rights in *Boney* was disapproved in a subsequent decision of that Court.[25] Finally, the Court of Appeals' language in *Boney* is contrary to cases holding that statutes governing the place where an action will be tried are procedural and to the rule that a party has " 'no vested rights in any course of procedure.' "[26]

For the foregoing reasons, we conclude that the trial court did not err in Case No. S05A2066 in holding that OCGA § 9-10-31.1 (a) could be applied to the present case.

*Judgment affirmed in Case No. S05A1560. Hunstein, P. J., Benham, Carley, Thompson, Hines, JJ., and Judge Daniel M. Coursey, Jr., concur. Melton, J., not participating. Judgment affirmed in part and reversed in part in Case No. S05A2066. Hunstein, P. J.,*

---

*Martin,* 220 Ga. App. 638 (469 SE2d 537) (1996) ("statutes governing the place of bringing a suit do not affect the parties' substantive rights, but rather are a matter of procedure").

[21] 99 Ga. App. 280, 283-284 (108 SE2d 342) (1959).

[22] Id. at 284.

[23] *Nat. Surety Corp. v. Boney,* 215 Ga. 271 (110 SE2d 406) (1959).

[24] Id., citing to *Sharpe v. Lowe,* 214 Ga. 513 (1) (106 SE2d 28) (1958).

[25] *Muscogee County Bd. of Tax Assessors v. Alexander Bros. Lumber Co.,* 121 Ga. App. 800, 801 (175 SE2d 919) (1970).

[26] *Day v. Stokes,* 268 Ga. 494, 495 (491 SE2d 365) (1997).

*Benham, Carley, Thompson, Hines, JJ., and Judge Daniel M. Coursey, Jr., concur. Melton, J., not participating.*

DECIDED FEBRUARY 13, 2006 —
RECONSIDERATION DENIED MARCH 14, 2006.

*Case No. S05A1560*

*Troutman Sanders, Daniel S. Reinhardt, Carmie Lee Ann Mc-Curry, Michael E. Johnson, Weinberg, Wheeler, Hudgins, Gunn & Dial, Robert G. Tanner, Rachel A. Fuerst, Terrance C. Sullivan,* for appellant.

*Brown & Shamp, Laura M. Shamp, Hall, Booth, Smith & Slover, Jonathan Marigliano, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, David F. Root, Eric J. Frisch,* for appellee.

*Owen, Gleaton, Egan, Jones & Sweeney, H. Andrew Owen, Jr., Roger E. Harris, Gambrell & Stolz, Charles M. Cork III, Powell Goldstein, John T. Marshall, William V. Custer IV, Eric P. Schroeder,* amici curiae.

*Case No. S05A2066*

*Henry, Spiegel, Fried & Milling, Philip C. Henry, Wendy G. Huray,* for appellant.

*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Huff, Powell & Bailey, Daniel J. Huff, Owen, Gleaton, Egan, Jones & Sweeney, Rolfe M. Martin, Weinberg, Wheeler, Hudgins, Gunn & Dial, Terrance C. Sullivan, Rachel A. Fuerst, Troutman Sanders, Daniel S. Reinhardt, Michael E. Johnson, Thurbert E. Baker, Attorney General,* for appellees.

*Gambrell & Stolz, Charles M. Cork III, Powell Goldstein, John T. Marshall, William V. Custer IV, Eric P. Schroeder,* amici curiae.