## S06A0401. MARTIN v. ASTUDILLO.
(627 SE2d 34)

CARLEY, Justice.

A jury found Martin Astudillo guilty of rape, armed robbery, burglary and kidnapping. His trial attorney was a Fulton County public defender. When, after trial, that lawyer resigned and accepted employment elsewhere, another attorney in the public defender's office filed and argued Astudillo's motion for new trial, in which the effectiveness of trial counsel was never challenged. The trial court denied the motion for new trial, and, when the second attorney also left the public defender's office, Astudillo was represented on appeal by yet another employee of that office. Again, the effectiveness of counsel issue was not raised, and the Court of Appeals affirmed the convictions and sentences. *Astudillo v. State*, 244 Ga. App. 612 (536 SE2d 271) (2000).

Thereafter, Astudillo filed a pro se petition for a writ of habeas corpus and raised, among other claims, the ineffectiveness of his trial and appellate attorneys. The habeas court conducted an evidentiary

hearing at which counsel who represented Astudillo on appeal appeared. Trial counsel was not present, but he filed responses to interrogatories. The attorney who filed the motion for new trial neither appeared nor submitted an affidavit or answers to interrogatories. After considering the testimony and the other evidence, the habeas court granted "a limited writ for the purpose of allowing [Astudillo] the opportunity to pursue his ineffective assistance of trial counsel claim with the benefit of legal counsel." The habeas court further ordered the Superior Court of Fulton County to appoint an attorney to file an extraordinary motion for new trial on the issue of the effectiveness of Astudillo's trial counsel. Pursuant to OCGA § 9-14-52 (c), the Warden appeals directly from that order.

As the habeas court correctly observed, it was not "appropriate . . . for [it] to assume the role of counsel, investigate the record, evaluate possible instances of ineffective assistance of trial counsel, and advocate a position as to whether [Astudillo] has a right to relief." In adjudicating Astudillo's claim, the habeas court had the same responsibility of giving both parties the benefit of a fair and impartial tribunal as it has in any other proceeding. In meeting that responsibility, the habeas court was required to review the pleadings and the evidence, and then to make written findings of fact and conclusions of law. OCGA § 9-14-49. "If the [habeas] court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence challenged in the proceeding . . . ." OCGA § 9-14-48 (d).

Because the habeas court had the responsibility of resolving the merits of a claim of a petitioner's constitutional challenge to the validity of his conviction or sentence, it was not authorized "to remand the proceeding to another superior court." *Newsome v. Black*, 258 Ga. 787, 788 (1) (374 SE2d 733) (1989). Instead, it was "the appropriate judicial entity to consider both the ineffective assistance of counsel claim and the underlying and connected trial error, and to determine whether the habeas corpus petitioner is entitled to a new trial." *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003). Therefore, the

> habeas court had no authority to remand to the [Fulton] County trial court to consider an ineffectiveness of counsel claim. [Cits.] Moreover, [it] had no jurisdiction to order the [filing] of an "extraordinary motion for new trial" in the Superior Court of [Fulton] County. [Cit.] Thus, the habeas court's final order transferring [Astudillo's] ineffective assistance of counsel claims to [Fulton] County "was void ab initio as an unauthorized exercise of authority." [Cit.]

*Herrington v. State*, 265 Ga. App. 454, 457 (594 SE2d 682) (2004).

Thus, the judgment granting "a limited writ" is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 27, 2006.

Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General, William P. Rowe III, for appellant.
Martin Astudillo, *pro se.*