A06A2446. THE HOSPITAL AUTHORITY OF GWINNETT COUNTY v. RAPSON et al.

(641 SE2d 286)

ADAMS, Judge.

Following our grant of its application for interlocutory appeal, The Hospital Authority of Gwinnett County appeals the trial court's order transferring the case from the State Court of Gwinnett County to the State Court of Fulton County. We affirm for the reasons that follow.

In 2001, Lois and Robert Rapson filed a medical malpractice action in Fulton County, the defendant physician's county of residence. Almost four years later, in reliance on the recently enacted OCGA § 9-10-31 (c), the Hospital moved to transfer the case to the State Court of Gwinnett County on the grounds that the alleged negligence occurred in Gwinnett County and venue was proper against the Hospital in Gwinnett County. The Fulton County trial court granted the motion, and the case was transferred to the State Court of Gwinnett County.

On February 13, 2006, our Supreme Court in *EHCA Cartersville v. Turner*, 280 Ga. 333, 336 (1) (626 SE2d 482) (2006), held that OCGA § 9-10-31 (c) violates the Georgia Constitution. The Gwinnett County

trial court then granted the Rapsons' emergency motion to transfer the case back to the State Court of Fulton County.

1. The Hospital contends the Rapsons waived objections to the transfer of the case to Gwinnett County by failing to appeal the Fulton County trial court's transfer order and continuing to litigate the case after it was transferred to Gwinnett County through entering into a consent order, filing motions in limine, and participating in discovery. We disagree.

The Rapsons opposed the transfer of the case to Gwinnett County on the grounds that OCGA § 9-10-31 (c) was unconstitutional, and they filed their emergency motion to transfer the case back to Fulton County two days after *Turner* was decided by the Supreme Court. Thus, the Rapsons did not acquiesce in the transfer of the case to Gwinnett County. Further, the Rapsons' participation in litigation of discovery issues did not waive the venue issue. See *Coastal Transport v. Tillery*, 270 Ga. App. 135, 136 (1) (605 SE2d 865) (2004) (venue issue not waived by litigating case during the 18 months between filing of answer and the transfer motion). Nor does the Rapsons' failure to appeal the Fulton County transfer order demonstrate a waiver. An initial appeal from that order was subject to the interlocutory appeal process while the case was still pending. See *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533 (333 SE2d 647) (1985). The Hospital fails to show how the Rapsons waived the issue when they failed to pursue an interlocutory appeal. See, e.g., *Bishop Contracting Co. v. Center Bros.*, 213 Ga. App. 804, 806 (1) (445 SE2d 780) (1994) (no waiver of party's right to appeal trial court's denial of motion to enforce arbitration clause was shown by its failure to pursue an interlocutory appeal of that order).

2. The Hospital further argues that the Gwinnett County trial court erroneously relied on the Uniform Transfer Rules to authorize the transfer of the case to the State Court of Fulton County because venue was also proper in the State Court of Gwinnett County. Under Uniform Transfer Rule T-4 "[t]hese rules shall become operative when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue or both." The Rapsons agree that the Uniform Transfer Rules did not apply to transfer a case from a county where venue was proper to another county in which venue was also proper, but contend that they should not be denied a remedy because there is no specific procedural mechanism to address their grievance. We agree with the Rapsons. As demonstrated in *Woodruff v. Gould*, 280 Ga. 757 (632 SE2d 662) (2006), an appropriate remedy for the transfer of a case from the original forum to another forum on authority of OCGA § 9-10-31 (c) is that the case be returned to the original forum.

3. Finally, the Hospital claims that the Gwinnett County trial court's transfer order is erroneous because *Turner* may not be applied retroactively to require a transfer of the case to Fulton County where the case was transferred to Gwinnett County pursuant to OCGA § 9-10-31 (c) before the statute was struck down as unconstitutional. We disagree.

"The general rule is that an unconstitutional statute is wholly void and of no force and effect from the date it was enacted." *Strickland v. Newton County*, 244 Ga. 54, 55 (1) (258 SE2d 132) (1979). We discern nothing in *Turner* that demonstrates our Supreme Court intended to depart from the general rule and for its decision to have only prospective application. Otherwise, in this case OCGA § 9-10-31 (c) will have "empower[ed] a non-resident defendant to change venue." *Woodruff*, 280 Ga. at 757. Further, assuming that *Turner* announced a new rule of law, its retroactive application would not adversely affect the operation of the new rule or cause an unjust result to defendants, such as the Hospital, who elected to transfer venue pursuant to OCGA § 9-10-31 (c) while the constitutionality of the statute had not been addressed by the Supreme Court. See *Findley v. Findley*, 280 Ga. 454, 460 (1) (629 SE2d 222) (2006). Rather, the result is that the case will be tried in the original forum, which the Hospital does not show is substantively prejudicial to its defense.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JANUARY 24, 2007.

Hall, Booth, Smith & Slover, John E. Hall, Jr., Jack G. Gresh, W. Scott Henwood, for appellant.

Huff, Powell & Bailey, Randolph P. Powell, Jr., Camille N. Jarman, Hubert E. Hamilton III, for appellees.