**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 4, 2022**

# In the Court of Appeals of Georgia

A21A0302. RON JOHNSON, JR. ENTERPRISES, INC. v.
HARTRY et al.

A21A0303. NORFOLK SOUTHERN RAILWAY CO. v. HARTRY
et al.

BROWN, Judge.

We have consolidated these interlocutory appeals in which Ron Johnson, Jr. Enterprises, Inc. ("RJE") and Norfolk Southern Railway Co. (hereinafter collectively "Defendants") challenge the trial court's order granting Winford and Geraldine Hartry's motion to transfer venue from Spalding County to Clayton County. For the reasons that follow, we reverse.[1]

---

[1] At the outset, we grant the Hartrys' motion to file supplemental brief filed on January 13, 2021, and Norfolk Southern's motion to file supplemental brief filed on February 10, 2021. We deny Norfolk Southern's motion for permission to file second supplemental brief filed on September 13, 2021.

This is the third appearance of this case before this Court. See *Hartry v. Ron Johnson Jr. Enterprises*, 347 Ga. App. 55 (815 SE2d 611) (2018) ("*Hartry II*"); *Norfolk Southern R. Co. v. Hartry*, 316 Ga. App. 532 (729 SE2d 656) (2012). The facts underlying this appeal are not in dispute. In June 2010, a collision occurred between a Norfolk Southern train and a truck operated by RJE. Winford Hartry, the engineer of the train, suffered injuries as a result of the collision. Winford and his wife, Geraldine, sued Norfolk Southern and RJE in Clayton County, where the collision occurred.[2] In February 2013, the Clayton County State Court granted Norfolk Southern's motion for summary judgment.[3] Following the grant of summary judgment

[2] In this case, as best we can tell from the limited record before us, the Hartrys had three venue options available to them at the time they filed suit: Clayton County, where the cause of action arose; Bibb County, where Norfolk Southern maintains its registered agent; or Spalding County, where RJE maintains its registered agent and registered office. See OCGA § 46-1-2 (c) ("[a]ny railroad . . . shall be sued . . . in the county in which the cause of action originated. . . . In the alternative, if the company has no agent in the county where the cause of action arises, an action may be brought in the county of the residence of such company"); OCGA § 40-1-117 (b) ("[e]xcept in those cases where the Constitution requires otherwise, any action against any resident or nonresident motor carrier for damages by reason of any breach of duty, whether contractual or otherwise, . . . may be brought in the county where the cause of action or some part thereof arose. . . . The venue prescribed by this Code section shall be cumulative of any other venue provided by law").

[3] The Hartrys did not directly appeal this ruling, and there is no evidence in the record before us that Norfolk Southern requested the immediate entry of judgment under OCGA § 9-11-54 (b).

to Norfolk Southern, and before the order became final after appeal, the Hartrys consented to a transfer of the action from Clayton County to Spalding County, where RJE maintains its registered agent and registered office.[4]

A November 2014 trial in Spalding County resulted in a mistrial/hung jury. A second trial in November 2016 resulted in a plaintiffs' verdict against RJE. On appeal from the final judgment entered on the verdict, this Court reversed the February 2013 order granting summary judgment to Norfolk Southern and set aside the judgment against RJE. See *Hartry II*, 347 Ga. App. at 58 (1) (b). In that opinion, we noted that Norfolk Southern remained a defendant on retrial. Id. at 67 (4) (a). The Supreme Court affirmed our ruling, and the case was remanded for retrial. *Norfolk Southern R. Co. v. Hartry*, 307 Ga. 566 (837 SE2d 303) (2019).

---

[4] The consent order, executed by counsel for the Hartrys and RJE, provided as follows:

COME NOW the Parties, through counsel, and respectfully move this [c]ourt for an Order transferring this case to Spalding County State Court. This [c]ourt has granted Norfolk Southern's Motion for Summary Judgment. Although this is not a final judgment and Plaintiff may appeal this Order at the conclusion of the case, the Parties agree that venue is now proper in Spalding County, Georgia.

3

Upon remand, the Hartrys moved to transfer the action back to Clayton County, contending that, with the addition of Norfolk Southern back into the case, they have a right to insist that venue be returned to the forum originally selected. Norfolk Southern and RJE both opposed the motion. Specifically, Norfolk Southern argued that venue is not mandatory in Clayton County and that re-transferring the action to Clayton County would be a waste of judicial resources since the case has been pending and twice tried in Spalding County during the past seven years. Following a hearing,[5] the Spalding County court granted the motion to transfer without explanation. The trial court, however, certified its order for immediate review, and this Court granted Norfolk Southern's and RJE's applications for interlocutory appeal to consider whether the trial court erred in granting the motion to transfer venue back to Clayton County.[6]

---

[5] A copy of the hearing transcript is not included in the record on appeal.

[6] Upon being docketed, we conducted a jurisdictional review and decided to transfer the appeals to the Supreme Court of Georgia because they possibly involved a constitutional question over which we lack jurisdiction. But the cases were eventually reinstated when our Supreme Court concluded that "there is no constitutional provision 'directly in question,' to invoke this Court's jurisdiction."

4

Defendants contend that the trial court erred in granting the motion to transfer venue back to Clayton County. The crux of their argument is that there is no constitutional or statutory authority in Georgia law allowing the trial court to transfer the case back to Clayton County upon remand, and that because venue in Spalding County is proper as to both defendants, the trial court should have denied the motion to transfer venue. Put another way, once the Hartrys consented to transfer the case to Spalding County, the trial court was without any legal authority to re-transfer venue to the original forum, and given that the General Assembly has not enacted a statute allowing trial courts to transfer venue under the circumstances presented in this case, we must reverse the transfer order.[7] While the Hartrys agree that no statute exists which authorizes a state court to transfer venue to another state court when both courts have proper venue, they contend that the trial court was required to transfer the case

---

[7] We are not persuaded by the Hartrys' contention that defendants are raising the constitutional aspects of this issue for the first time on appeal. In response to the Hartrys' motion to transfer, Norfolk Southern alleged generally that there is no authority permitting such a transfer. Moreover, we cannot address the trial court's authority to transfer venue without also interpreting the Georgia Constitution. We also note that it is well established that an unauthorized exercise of authority by a court is void ab initio. See, e.g., *Martin v. Astudillo*, 280 Ga. 295, 296 (627 SE2d 34) (2006). Additionally, orders which are a nullity are subject to an attack at any time. See, e.g., *Henderson v. Henderson*, 231 Ga. 577, 578 (203 SE2d 183) (1974), disapproved on other grounds by *Sampson v. Sampson*, 240 Ga. 118 (239 SE2d 519) (1977).

back to Clayton County in order to return the parties "'precisely to the positions in which they would have stood' before the erroneous [grant of] summary judgment" to Norfolk Southern. According to the Hartrys, longstanding case law provides that when a judgment is reversed by an appellate court, the parties are returned to the position they were in before the entry of that reversed judgment. See, e.g., *Franklyn Gesner Fine Paintings v. Ketcham*, 259 Ga. 3, 4 (6) (a) (375 SE2d 848) (1989). In their view,

> the summary judgment in favor of Norfolk Southern was the 'foundation to support' the transfer order from Clayton County to Spalding County. When the summary judgment was reversed, the foundation for the transfer order no longer existed — it became "outlawry" — and it too was "reversed," although by application of law as opposed to an explicit order. It does not matter whether the transfer order from Spalding to Clayton was required by law or agreed to because the situation allowed for no other choice. Because its foundation was the erroneous summary judgment, the transfer is a nullity.

Defendants argue that this contention, i.e., that the Hartrys have a vested right in their *initial* choice of venue as a result of having won the 2018 appeal, is erroneous because "it ignores the fundamental principle of Georgia law that a party has no vested right in matters of procedure, which includes a plaintiff's choice of venue."

6

We conclude that the trial court erred in transferring venue back to Clayton County. Once an appropriate venue has been selected (as was the case here when the Hartrys and RJE consented to venue in Spalding County after summary judgment was granted in favor of Norfolk Southern), a trial court has the authority to exercise its discretion to change that selection only if the General Assembly has enacted a statute authorizing it to do so, and no such statute exists under the circumstances. Nor does any such authority exist in Georgia law.

The Georgia Constitution provides that the "power to change the venue in civil and criminal cases shall be vested in the superior courts to be exercised in such manner as has been, or shall be, provided by law." Ga. Const. of 1983, Art. VI, Sec. II, Par. VIII. See generally *EHCA Cartersville, LLC v. Turner*, 280 Ga. 333, 335 (1) (626 SE2d 482) (2006). Indeed, "Art. VI, Sec. II, Par. VIII authorizes the General Assembly to enact laws that permit the superior and state courts to exercise the power to change venue." *Turner*, 280 Ga. at 335-336 (1).

> However, by providing that superior courts have the power to change venue in the manner provided by law, Art. VI, Sec. II, Par. VIII plainly contemplates that, once a plaintiff has filed his or her action in an appropriate venue, the court has the authority to exercise its discretion to

7

change the venue selected by the plaintiff if the General Assembly has enacted a statute authorizing it to do so.

*Id.* at 337 (2). As Defendants point out, a trial court is statutorily authorized to transfer venue only in limited circumstances: (1) under OCGA § 9-10-31 (d), upon motion by a nonresident defendant where the resident defendant has been dismissed, and (2) under OCGA § 9-10-50, in civil cases where an impartial jury cannot be obtained in the forum court. A trial court also is statutorily authorized to transfer venue under OCGA §§ 9-10-31 (c) and 9-10-51, neither of which applies to the circumstances here.

Citing to numerous cases, the Hartrys contend — as set out above — that longstanding case law provides that "[t]he legal effect of the reversal of a judgment on appeal is to nullify the effect of such judgment in all its aspects and place the parties in the same position in which they were before such judgment." *McKay v. McKay*, 93 Ga. App. 42 (3) (90 SE2d 627) (1955), citing, inter alia, *Finney v. Tommey and Stewart*, 50 Ga. 140 (1873). See *Ketcham*, 259 Ga. at 4 (6) (a); *United Bonded Warehouse v. Jackson*, 207 Ga. 627, 634-635 (1) (63 SE2d 666) (1951) (trial court's error in appointing receiver rendered "all subsequent proceedings . . . nugatory"); *Barron v. Chipman*, 4 Ga. 200, 203 (1848) ("[a] judgment reversed is mere waste paper, and the rights of the party immediately on the reversal are restored to the same

8

situation in which they stood prior to the pronouncing the judgment reversed"); *J. Michael Vince, LLC v. SunTrust Bank*, 352 Ga. App. 791, 794 (2) (a) (835 SE2d 809) (2019); *In the Interest of B. G.*, 231 Ga. App. 39, 40 (497 SE2d 572) (1998); *McFarland v. Lumpkin*, 110 Ga. App. 222, 224 (2) (138 SE2d 194) (1964). See also *Arkadelphia Milling Co. v. St. Louis Southwestern R. Co.*, 249 U. S. 134, 145 (39 SCt 237, 63 LEd 517) (1919) (stating that "the principle, long established and of general application, that a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored *by his adversary* to that which he has lost thereby") (emphasis supplied). But, none of those cases implicate venue much less involve a situation like the one at hand: Plaintiffs voluntarily consented to a transfer of venue while acknowledging that the grant of summary judgment to the defendant was not a final judgment and that they may appeal the order at the conclusion of the case, but then moved for a change of venue after a reversal of that grant of summary judgment. We have found no such cases perhaps because — as explained below — there is no basis for a plaintiff to claim a vested and continuing right to trial in his or her preferred county of initial venue.

In determining whether a law is to be given retroactive as well as prospective effect, we distinguish between substantive and procedural law; this distinction is

instructive in the context of this case. "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations." (Citation and punctuation omitted.) *Nathans v. Diamond*, 282 Ga. 804, 808 (2) (654 SE2d 121) (2007). "It has been held that statutes affecting where an action may be tried are procedural and not substantive in nature." (Footnote omitted.) *Turner*, 280 Ga. at 337 (2006) (concluding that venue statute at issue, OCGA § 9-10-31.1 (a), is procedural in nature). In *Day v. Stokes*, 268 Ga. 494 (491 SE2d 365) (1997), the Supreme Court of Georgia reiterated the long standing rule that "that there are no vested rights in any course of procedure." (Citation and punctuation omitted.) Id. at 495. See also *Murphy v. Murphy*, 295 Ga. 376, 377 (761 SE2d 53) (2014) ("one has no vested rights in any course of procedure, and the presumption against a retrospective statutory construction does not apply to statutory enactments which affect only court procedure and practice, even when the alteration from the statutory change results in a disadvantage to a party"); *Foster v. Bowen*, 253 Ga. 33, 34 (315 SE2d 656) (1984) (applying rule "that there are no vested rights in any course of procedure" to court decision overruling precedent). It follows, therefore, that the Hartrys do not have a vested right in their initial choice of venue, i.e., Clayton County.

10

Relying upon *Banks v. City of Hampton*, 280 Ga. App. 432 (634 SE2d 192) (2006), disapproved on other grounds, *Carpenter v. McMann*, 304 Ga. 209, 212 (817 SE2d 686) (2018), and *Hosp. Auth. of Gwinnett County v. Rapson*, 283 Ga. App. 297 (641 SE2d 286) (2007), the Hartrys nevertheless argue that "[u]pon motion a case must be sent back to the venue from which it was transferred if that transfer was occasioned by an improper order or an unconstitutional statute." In *Banks*, the trial court determined that the resident defendant — an estate with no assets — was a nominal party, and transferred the case to the county of the residence of the co-defendant. 280 Ga. App. at 433. The transferring court denied the plaintiff's request for a certificate of immediate review of that decision and the case proceeded to trial. Id. at 433, n.3. Following a hung jury, the plaintiff filed a renewed motion to transfer the action to the original venue. Id. at 433. The trial court denied the motion, but this time certified its order for immediate review and we granted the application. Id. On appeal, this Court reversed, holding that "a nonresident joint tortfeasor is not entitled to a transfer of venue to his resident county based upon his comparative wealth and greater ability to satisfy a judgment." Id. at 434. Because the estate remained a defendant in the case, even though it was insolvent, the original court was without authority to transfer the

11

case, and the transferee court, therefore, erred in denying the motion to re-transfer the case to the original venue. Id. at 433-434.

In *Rapson*, the plaintiffs filed a medical malpractice action in the defendant physician's county of residence. 283 Ga. App. at 297. The trial court granted the hospital's motion to transfer the case to the county where the alleged negligence occurred pursuant to OCGA § 9-10-31 (c). Id. Five years later, the Supreme Court of Georgia ruled the statute unconstitutional, and we affirmed the transferee court's order granting the plaintiffs' emergency motion to transfer the case back to the original venue on the ground that "'an unconstitutional statute is wholly void and of no force and effect from the date it was enacted.'" (Citation omitted.) Id. at 297, 299 (3).

The Hartrys contend that our holdings in *Banks* and *Rapson* are controlling because they establish that when a plaintiff has chosen a legally permissible venue, that choice cannot be disturbed by a legally erroneous ruling. We are not persuaded. Pretermitting the fact that the plaintiff in *Banks* — unlike the Hartrys — immediately attempted to appeal the original erroneous order, both *Banks* and *Rapson* involved void transfers, i.e., the cases were transferred in error; this case does not involve a void transfer, but rather the erroneous grant of summary judgment to one of the defendants. In *Banks*, the transfer was based upon a "legally erroneous ground" that the joint

12

tortfeasor was a nominal party and thus not a defendant for purposes of venue. In *Rapson*, the transfer was based upon an unconstitutional statute which was "'wholly void . . . from the date it was enacted.'" Unlike the errors in *Banks* and *Rapson*, the error here did not flow from the transfer itself and was not based on a legally erroneous ground or an unconstitutional, void statute. Accordingly, we find no merit to the Hartrys' contention that this case is identical to *Banks* and *Rapson*. We note further that neither *Hartry*, 307 Ga. 566, nor *Hartry II* vacated the consent order that transferred venue to Spalding County.

In sum, we conclude that there is no provision in Georgia law authorizing a trial court to change venue under the circumstances presented here. To find otherwise would permit transferee courts to revisit the transfer decisions of its counterparts, sending litigants into a vicious cycle of venue transfers. As a sister court wisely noted in a somewhat similar case, "[i]t would be as unproductive as it would be unseemly for courts to engage in an interminable ping-pong match, transferring and retransferring cases between them." *Spinnell v. Doris L. Sassower, P.C.*, 589 N.Y.S.2d 230, 235-236 (III) (N.Y. City Civ. Ct. 1992). Accordingly, we reverse the trial court's order transferring this case from Spalding County to Clayton County.

*Judgment reversed. Doyle, P. J., and Reese, P. J., concur.*

13