### 64398. THE STATE v. LUBIN.

McMURRAY, Presiding Judge.

On the night of November 22, 1980, in Fulton County, Georgia, the defendant was arrested for driving under the influence of intoxicants, speeding (65 mph in a 35 mph zone) and for simple battery (upon the arresting police officer when he made the arrest). It was necessary to subdue the defendant with the aid of two other officers who arrived to assist the arresting officer. Defendant was then transported in a police vehicle driven by the arresting officer to the North Fulton precinct where he was incarcerated in a holding cell. It was only after his arrival and incarceration in the holding cell that the police officer, who arrested him, "read him his rights." The arresting officer contended he (officer) was injured at the scene of the

arrest and as he was having difficulty breathing and controlling his breath at the time of the arrest, ostensibly because of the attack upon him by the defendant and defendant's wife, that he waited until defendant's arrival and incarceration at the police precinct and advised defendant of his rights under the implied consent law. He advised defendant that he (defendant) was required, according to Code Ann. § 68B-306 (Ga. L. 1975, pp. 1008, 1028) to submit to chemical tests, administered at the direction of a law enforcement officer, of his blood, breath, urine or other bodily substances for the purpose of determining alcoholic or drug content. Also, defendant was advised under Code Ann. § 68A-902.1 (Ga. L. 1974, pp. 633, 672; 1977, p. 1036) that he had the right to have an additional test of the foregoing substances made by personnel of his own choosing, if he so desired, but that this additional test in no way satisfied his obligation to submit to the chemical tests, administered at the direction of a law enforcement officer. The officer testified he then asked the defendant whether he would submit "to the state-administered chemical tests of your blood under the Georgia Implied Consent Law," whereupon defendant answered "Yes." Defendant was also asked by the officer "[d]o you want an additional test?" and defendant responded "No." The defendant then submitted to a chemical test of his blood at a local hospital where he was transported for same. The state's evidence shows that defendant was informed of his right to an additional test within 10 to 15 minutes after the incident on the street.

Defendant was subsequently charged by accusation as to the above offenses, and a hearing on a motion to suppress the blood test was held based upon the failure of the arresting officer to comply with Code Ann. § 68A-902.1, supra, in that the arresting officer did not advise defendant of his right to the chemical test "at the time of arrest." The trial court at first declined to grant the motion to suppress, but after a reconsideration did grant it. The state appeals. *Held:*

Code Ann. § 68A-902.1 (a) (3), supra, provides: "The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests *in addition to any administered at the direction of a law enforcement officer.* The justifiable failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer." (Emphasis supplied.)

Code Ann. § 68A-902.1 (a) (4), supra, in part provides: "The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this section."

We find no case directly on point where the issue is the failure of the arresting officer to advise the person arrested of his rights under the implied consent law *immediately on the scene* "at the time of arrest," although we find a number of cases holding that the police officer's failure to advise the person arrested *of his right to an additional chemical test* renders the results of the state's test inadmissible in evidence. See *Nelson v. State,* 135 Ga. App. 212, 214 (217 SE2d 450); *Hulsey v. State,* 138 Ga. App. 221, 222 (225 SE2d 752); *Torley v. State,* 141 Ga. App. 366 (1) (233 SE2d 476); *Garrett v. Department of Public Safety,* 237 Ga. 413, 415 (228 SE2d 812).

The case sub judice is not one of those instances wherein there was a total failure to advise the person arrested, who consented to a chemical test administered at the direction of a law enforcement officer, *of his right to an additional chemical test.* Nor is it one in which the person arrested refused to take a chemical test, administered at the direction of a law enforcement officer, and fortuitously discovered afterward during proceedings in court that he was justified in refusing same as the arresting officer had not additionally advised him of his right to an additional chemical test.

In *Huff v. State,* 144 Ga. App. 764, 765 (242 SE2d 361), a case in which, as the person arrested was being transported to the police station for testing, he made a request to stop at a nearby hospital for a blood test. The officer refused to comply with the request under the belief that the hospital had been closed for several months. Evidence was lacking as to whether the hospital was in fact closed at the time of the arrested person's request. "The evidence shows that an intoximeter test was conducted *at the police station,* that the *appellant was properly advised at the time* of his right to alternate tests in accordance with Code Ann. § 68[A]-902.1 (a) (3), and that appellant did not indicate any desire for alternate testing after being so advised." (Emphasis supplied.) *Huff v. State,* 144 Ga. App. 764, 765, supra. This court pointed out in that case that "[a]ppellant's request was a specific demand *for testing prior to the state's testing.* Appellant made no request for a blood test *after the state's testing"* and held "[t]he statutory rights to alternate tests afforded by Code Ann. § 68A-902.1 (a) (3) do not attach *until the state has performed its tests."* (Emphasis supplied.) See *Martin v. State,* 139 Ga. App. 8, 9 (2) (228 SE2d 11), a case in which the arresting officer testified that immediately after the blood test was administered that the person arrested was informed of his right to have another test performed at certain named hospitals or by a person of his own choosing. This court held "[t]he requisites of Code Ann. § 68A-902.1, as elucidated in *Nelson v. State,* 135 Ga. App. 212 [supra] were clearly satisfied here."

In the case sub judice, the defendant was advised at the police precinct, prior to any chemical test being administered at the direction of a law enforcement officer, of his right to an additional test and defendant declined to exercise that right. We believe that each case must rest upon its own particular set of facts and circumstances, and from the totality of the particular facts and circumstances of the case sub judice, we hold that the ruling of the trial court that "since the officer failed to inform this defendant his rights under Code Section 68A-902.1 at the *time* of *arrest* that the results of the alcoholic test should be suppressed" constituted a construction of the term "time of arrest" which is too narrow and restrictive and is clearly erroneous.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 19, 1982 —
REHEARING DENIED DECEMBER 7, 1982 —

*Hinson McAuliffe, Solicitor, Paul C. McCommon III, Assistant Solicitor,* for appellant.

*Arthur M. Kaplan,* for appellee.