69949. CRIMMINGER et al. v. HABIF.
(330 SE2d 164)

DEEN, Presiding Judge.

Appellee landlord brought suit against appellant tenants on October 22, 1982, for breach of a lease agreement by vacating the premises prior to the expiration of the lease, seeking rent and late charges due thereunder. After trial on September 19, 1984, the jury returned a verdict in favor of appellee in the amount of $1,500 plus court costs and appellants filed a direct appeal to this court on October 17, 1984. Appellee has moved to dismiss this appeal for failure to comply with the discretionary appeal procedures pursuant to OCGA § 5-6-35 (a) (6), which became effective July 1, 1984. *Held*:

Under the 1984 amendment to OCGA § 5-6-35, appeals in all actions for damages in which the judgment is $2,500 or less must be made by application to the appropriate appellate court for discretionary review. "Where a lessee repudiates his lease and abandons the rented premises, the lessor may sue for a breach of the contract before the expiration of the term, and the damages are to be measured by the difference between the rent stipulated in the lease and the actual rental value for the balance of the term." *Reid v. Fain*, 134 Ga. 508, 510 (2) (68 SE 97) (1910); *Dehco v. Greenberg*, 105 Ga. App. 236, 238 (2) (124 SE2d 311) (1962). See also *Maolud v. Keller*, 157 Ga. App. 430 (1) (278 SE2d 80) (1981); *Harden v. Drost*, 156 Ga. App. 363 (2) (274 SE2d 748) (1980). The action here was thus one for damages within the purview of OCGA § 5-6-35 (a) (6).

We are not persuaded by appellants' argument that because the action was instituted prior to enactment of the 1984 amendment, the appeal procedure is governed by the law in effect at the time of the filing of the lawsuit rather than when final judgment was entered. The Appellate Practice Act in OCGA § 5-6-38 "specifically provides the judgment appealed from must have been entered before the appeal is taken . . . [and means] the judgment can not be considered appealable until it is actually entered. That a judgment must be entered before an appeal is taken is a rule of reason which has long existed. [Cits.]" *Gibson v. Hodges*, 221 Ga. 779, 781-82 (2) (147 SE2d 329) (1966); *G. M. J. v. State of Ga.*, 130 Ga. App. 420 (1) (203 SE2d

608) (1973). "There can be no effective appeal from anything but a judgment — a final judgment without a certificate, or an interlocutory judgment with a certificate . . ." (*G. M. J. v. State of Ga.*, supra at 422 (5)) or, by application under the discretionary provisions of OCGA § 5-6-35. "Where applicable, the requirements of [OCGA § 5-6-35] are *jurisdictional* and the appellate court has no authority to accept an appeal in the absence of compliance with these statutory provisions. [Cit.]" *Hogan v. Taylor County Bd. of Ed.*, 157 Ga. App. 680 (278 SE2d 106) (1981). Consequently, since judgment was not entered against appellants until after OCGA § 5-6-35 (a) (6) became effective and they failed to comply with the statutory requirements, the appeal must be dismissed.

*Appeal dismissed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 1, 1985.

*Michael E. McLaughlin*, for appellants.
*Leonard L. Franco*, for appellee.