## 71649. CAMPBELL v. THE STATE.
### (344 SE2d 745)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol when there was more than .12 grams per cc of alcohol in her blood, and she appeals.

1. The State filed a motion to dismiss the appeal on the ground that it was not timely filed. Appellant was sentenced in open court on July 10, 1985 and filed her notice of appeal on August 2, 1985. However, the sentence was not entered until September 19, 1985 and ap-

pellant did not file a new notice of appeal. The State contends that under the holding in *Crimminger v. Habif*, 174 Ga. App. 440 (330 SE2d 164) (1985), appellant's notice of appeal was premature, and thus, the appeal should be dismissed. *Crimminger* was a civil case and we here have a criminal case which for constitutional reasons we must consider on a different basis.

The Supreme Court of the United States held recently that dismissal of a criminal defendant's appeal because of counsel's failure to file a "statement of appeal" was a violation of the Due Process Clause of the United States Constitution, because the appellant was thereby deprived of the effective assistance of counsel. *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821). Accordingly, the State's motion to dismiss the appeal is denied.

2. Appellant contends the trial court erred by denying her motion to suppress evidence of the results of the intoximeter test because she was not read her implied consent rights at the hospital when first interviewed by a deputy sheriff. The evidence disclosed that appellant and some friends were returning home from the races in a car driven by appellant. They were involved in a one-car accident when appellant lost control of the car, went off the road and struck an embankment. Appellant had some teeth knocked out and was taken to a hospital, which notified the sheriff's office of the accident. Calvin Webb, a deputy sheriff, went to the hospital where he learned that appellant had been driving the car involved in the accident and she had been drinking. Webb left to investigate the accident scene and on his return to the hospital, he asked appellant if she would object to taking an intoximeter test. Appellant said she had no objection and Webb departed and drove to the county jail. Appellant (who was 17) and her mother drove to the jail in their own car; on arrival, appellant was read her rights under the implied consent law by Robert York, a deputy sheriff. Appellant indicated that she understood her rights and was willing to take the intoximeter test. The test results showed a blood alcohol count of .12 grams alcohol per cc of blood.

Appellant contends that failure to give a person the implied consent warnings at the time of arrest is a ground for suppression of evidence of the test results, and because she was not given such warnings at the hospital, it was error to admit such evidence. We do not agree.

Webb came to the hospital for the sole purpose of investigating the accident, and after talking briefly to appellant, Webb departed and went to the accident scene. Upon his return to the hospital, and having been told by appellant that she had been drinking beer, he asked appellant if she objected to taking the intoximeter test. When appellant replied that she had no objection Webb departed, and appellant and her mother drove to the jail by themselves. Appellant was not under arrest at the hospital while talking to Webb, and no

charges were preferred against her at that time. She was read her rights immediately after her arrival at the jail. The record is silent as to whether appellant was placed under arrest after taking the test. Thus, on the evidence before us, if any arrest occurred at all, it occurred at the Rabun County Jail, not at the hospital. Under such circumstances, we find that appellant was properly and timely advised of her rights as required by OCGA § 40-6-392 (a) (4). See generally *State v. Lubin,* 164 Ga. App. 689, 692 (297 SE2d 371) (1982).

3. Appellant contends the trial court erred by charging the provisions of OCGA § 40-6-392 (b), relating to presumptions based on the percent of alcohol in a person's blood, without giving the charge relating to presumptions approved in *McCann v. State,* 167 Ga. App. 368 (306 SE2d 681) (1983). This enumeration is not supported by the transcript, which shows that the trial court gave no instructions on presumptions arising from various degrees of intoxication. This court cannot consider factual representations in a brief which do not appear in the record. *Chamlee v. State,* 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983).

4. Appellant contends error by the trial court in allowing her to be tried by a jury composed of six members. OCGA § 15-12-125, effective July 1, 1985, provides that for the trial of misdemeanors in all courts the jury will be composed of six persons. Former OCGA § 15-12-125 (1981), in effect at the time of appellant's accident, provided that a panel of *twelve* jurors would be used for the trial of misdemeanors in the superior court. In the instant case appellant objected to the use of a six-member jury because the offense with which she was charged occurred prior to July 1, 1985. In overruling the objection the trial court held that the "statute relates to the [time of] trial not to the time of the crime." Appellant contends this was error because the right to be tried by a twelve-member jury is a substantial right which cannot be set aside ex post facto. We agree and reverse.

In an almost identical factual situation, differing only in the statute involved, our Supreme Court held that a law which became effective after commission of the offense charged, but prior to the defendant's trial, reducing from twelve to six the membership of juries in the State Court of Walker County, was ex post facto as applied to the defendant. *McSears v. State,* 247 Ga. 48, 51 (2) (273 SE2d 847) (1981). The court in *McSears* analyzed the federal law on this issue as set forth in the same cases relied upon by the State in the instant case, and rejected arguments that were the same as those presented by the State here. Accordingly, appellant is entitled to be retried before a jury of twelve members. Id.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 23, 1986.

*John M. Brown*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.