## S97A1142. DAY v. STOKES.
### (491 SE2d 365)

PER CURIAM.

When Day filed the civil suit involved here in the trial court on June 19, 1995, he was in prison. The final order was filed on February 14, 1997, and the notice of appeal was filed March 7, 1997. The Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq., has an effective date of April 2, 1996. OCGA § 42-12-8 requires appeals in all prisoner suits to proceed by application for discretionary appeal in accordance with OCGA § 5-6-35. There was no application in this case.

Under the principle that this Court is bound to examine its jurisdiction (*Collins v. AT & T,* 265 Ga. 37 (456 SE2d 50) (1995)), we must determine what effect OCGA § 42-12-8 might have on this appeal. We have already applied the statute to the appeal in a case filed in the trial court after the effective date of the statute (*Jones v. Townsend,* 267 Ga. 489 (480 SE2d 24) (1997)), but have not considered the statute's effect on a case filed in the trial court before the effective date, in which there is no appealable judgment entered until after the effective date. The Court of Appeals had occasion to consider such circumstances in *Crimminger v. Habif,* 174 Ga. App. 440 (330 SE2d 164) (1985), where a suit filed in 1982 culminated in a verdict in Sep-

---

[9] See OCGA §§ 20-2-797 (a); 50-13-41 (a).

tember 1984 and a judgment in October 1984, both after the July 1984 effective date of OCGA § 5-6-35. It held there that there was no right to appeal until judgment was entered and that the law regarding appellate procedure in effect at that time governed. That holding is in accord with the long-standing rule regarding changes in procedural law. " 'The rule is that there are no vested rights in any course of procedure. [Cits.]' . . . [T]he right to a particular type of appeal is not a vested right. [Cit.]" *Holloman v. State*, 203 Ga. App. 476, 478 (416 SE2d 839) (1992).

Those principles apply equally to the present circumstances. Day's right to appeal the judgment below did not accrue until judgment was entered, and by that time a discretionary appeal application was required by OCGA § 42-12-8. "Failure to file an application when one is necessary requires that the appeal be dismissed." *Prison Health Svcs. v. Dept. of Administrative Svcs.*, 265 Ga. 810 (1) (462 SE2d 601) (1995). Accordingly, Day's appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

Roger Day, *pro se.*

Thurbert E. Baker, Attorney General, Stacey L. Ferris-Smith, *Assistant Attorney General,* for appellee.