[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 3, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-13381
Non-Argument Calendar

———————————————

D.C. Docket No. 02-02878-CV-ODE-1

ROGER C. DAY,

Petitioner-Appellant,

versus

BRUCE CHATMAN,

Respondent-Appellee.

———————————————

Appeal from the United States District Court for the
Northern District of Georgia

———————————————

**(May 3, 2005)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Roger C. Day, proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred.[1]  On appeal, Day argues that his petition was timely filed because the statute of limitations was tolled by his "various applications, petitions, and post-trial motions which were properly filed and pending," including his May 29, 1998, "Motion to Vacate for Lack of Court's Jurisdiction."  He asserts that his motions for return of property tolled the limitations period and were relevant to the pertinent judgment.  He submits that the limitations period should be equitably tolled due to the substance of his motions.  Finally, Day claims that a "miscarriage of justice" would occur if his petition was not granted, due to the "multitude of constitutional violations, and his claim of actual and factual innocence."[2]

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*.  *Nyland v. Moore*,

---

[1] Because Day filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the provisions of that act apply.

[2] Under the AEDPA, appellate review is limited to the issues specified in the certificate of appealability (COA).  28 U.S.C. § 2253; *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  When a district court grants a COA on some, but not all, issues raised in a § 2255 motion, a movant may seek a broader COA by "explicitly requesting" that we consider an uncertified issue. *Jones v. United States*, 224 F.3d 1251, 1255-56 (11th Cir. 2000).  Because Day did not "explicitly request" that we expand the COA to include his claim regarding a "miscarriage of justice," we do not address it as it is outside the scope of the COA.

216 F.3d 1264, 1266 (11th Cir. 2000).  We review findings of fact for clear error.

*Id*.  "The district court's interpretation and application of a statute of limitations is a question of law that is subject to *de novo* review."  *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000).

The applicable statute of limitations for a state prisoner's 28 U.S.C. § 2254(a) petition is codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"For prisoners whose convictions became final before the effective date of the AEDPA, . . . the statute of limitations begins running on April 24, 1996, giving these prisoners one year from this date to file a habeas petition." *Nyland*, 216 F.3d at 1267.

"[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v.*

*Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000) (emphasis in original).

"Georgia law makes clear that a sentencing court has jurisdiction to examine a motion to vacate outside the sentencing term if it alleges that a sentence is void." *Estes v. Chapman*, 382 F.3d 1237, 1239-40 (11th Cir. 2004). We have held that a Georgia prisoner's "Motion to Vacate Illegally Imposed Sentence" was properly filed under 28 U.S.C. § 2244(d)(2) and acted to toll the statute of limitations period for filing a federal habeas petition. *Id*. at 1241. In Georgia, an appeal is no longer pending "where the appellate court has issued the remittitur and it has been received and filed in clerk's office of the court below." *Chambers v. State*, 415 S.E.2d 643, 644-45 (Ga. 1992).

Our Court's precedent establishes that equitable tolling is an extraordinary remedy that is to be applied sparingly in extraordinary cases. *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations and quotations omitted). Equitable tolling is appropriate when movant shows extraordinary circumstances "beyond his control and unavoidable even with diligence" prevented him from timely filing. *Id.* For purposes of calculating the statutory period in this case, the time period begins on the day after the event that starts the period and ends on the day that stops the period. Fed. R. Civ. P. 6(a).

The district court did not err by dismissing Day's petition as untimely. Day's conviction became final in 1992. Day's AEDPA statute of limitations began running on April 24, 1996. On that date, his state habeas case was pending in the Georgia courts, tolling the limitations period until the trial court received the Georgia Supreme Court's remittitur on November 9, 1997.[3] On November 9, 1997, the limitations period began to run. Day's 1997 and 1998 motions for return of property did not toll the limitations period because the motions were not "application[s] for State post-conviction or other collateral review with respect to the pertinent judgment [of Day's conviction]" as required by 28 U.S.C. § 2244(d)(2).

Day did not file another application for collateral review until his May 29, 1998, "Motion to Vacate for Lack of Court's Jurisdiction." Two hundred and one days elapsed between November 9, 1997, and May 29, 1998. Day's motion was pending in the Georgia courts until April 9, 2002, at which time the limitations period began to run. Day had no applications pending until he filed a state habeas petition on October 4, 2002. One hundred seventy-eight days had elapsed between

_____

[3] Although Chatman asserts that this action was not a habeas case, the published opinion in the case represented it as a habeas case and no evidence in the record suggests otherwise. *See Day v. Stokes,* 491 S.E.2d 365, 366 (Ga. 1997). Therefore, the district court did not clearly err by determining the case to be a habeas case.

April 9, 2002, and October 4, 2002. A total of 379 days of untolled time elapsed between April 24, 1996, when the statutory period began to run, and October 21, 2002, when Day filed his federal petition. Therefore, Day's federal petition was untimely, and the district court did not err in dismissing his petition.

Further, Day is not entitled to equitable tolling. He has neither presented extraordinary circumstances nor established that the testimony which forms the basis of his claim for equitable tolling was both beyond his control and unavailable even with due diligence. Therefore, the district court did not err by failing to apply equitable tolling.

**AFFIRMED.**