FINAL COPY
295 Ga. 376

S13G1651. MURPHY v. MURPHY.

HINES, Presiding Justice.

This Court granted certiorari to the Court of Appeals in *Murphy v. Murphy*, 322 Ga. App. 829 (747 SE2d 21) (2013), to consider whether the Court of Appeals erred when it concluded that the 2013 amendment of OCGA § 5-6-34 (a) (11) applies retroactively in an appeal filed before the enactment of the amendment. Although we find the analysis of the Court of Appeals to be flawed, for the reasons that follow, we affirm its dismissal of the appeal before it.

Nancy Murphy and John Murphy divorced in 2006. In 2012, Mr. Murphy filed an action seeking to modify the child custody provisions contained in the parties' divorce decree. After the case was assigned to Judge A. Quillian Baldwin, Ms. Murphy moved to disqualify Judge Baldwin. Judge Baldwin denied the motion on June 7, 2012, and Ms. Murphy filed a notice of appeal on June 13, 2012. The appeal was originally filed in this Court in July 2012, and it was transferred to the Court of Appeals and docketed in that Court in

September 2012.

The Court of Appeals dismissed Ms. Murphy's appeal for lack of jurisdiction. It held that a legislative amendment to OCGA § 5-6-34 (a) (11), which became effective on May 6, 2013, applied retroactively and barred the Court from hearing Ms. Murphy's appeal.

The version of OCGA § 5-6-34 (a) (11) in effect when the change of custody action was filed, when the order at issue was entered, and when Ms. Murphy filed her appeal provided that a direct appeal was authorized from

> [a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or holding or declining to hold persons in contempt of such child custody judgment or orders[.]

However, the 2013 legislative amendment to subsection (a) (11) provides for direct appeals only from

> [a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders[.]

Indeed, the uncodified preamble to the amendment states that its purpose, in relevant part, is "to limit the scope of judgments or orders in child custody cases which are subject to direct appeal." The Court of Appeals reasoned that

"although laws that affect substantive rights apply prospectively only, procedural laws, which prescribe the methods of enforcement of rights, duties, and obligations, apply retroactively." *Murphy*, at 829-830. Thus, reasoning that the 2013 amendment affects procedural rights, the Court of Appeals stated that it was applying it retroactively, and inasmuch as the order denying Ms. Murphy's motion to recuse did not award, refuse to change, or modify child custody, that Court held that the order was not appealable under current OCGA § 5-6-34 (a) (11). But, the retroactivity analysis of the Court of Appeals misses the mark.

As correctly noted by the Court of Appeals, generally when a statute governs only court procedure it is to be applied retroactively in the absence of an express contrary intention. *Polito v. Holland*, 258 Ga. 54, 55 (2) (365 SE2d 273) (1988). There is no violation of the State constitutional prohibition against the retroactive application of a procedural statute such as OCGA § 5-6-34 (a) (11). See Ga. Const.1983, Art. I, Sec. I, Par. X.[1] Indeed, one has no vested rights in any course of procedure, and the presumption against a retrospective

---

[1] Ga. Const.1983, Art. I, Sec. I, Par. X provides:
> No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed.

3

statutory construction does not apply to statutory enactments which affect only court procedure and practice, even when the alteration from the statutory change results in a disadvantage to a party. *Mason v. Home Depot U.S.A.*, 283 Ga. 271, 278 (4) (658 SE2d 603) (2008). Thus, it is appropriate to give retroactive application to the 2013 modification of OCGA § 5-6-34 (a) (11). However, the problem is the Court of Appeals's interpretation and application of such retroactivity.

The Court of Appeals implicitly determined that the order at issue was directly appealable when the action was filed, when the order was entered, and when the appeal was filed, but that by the time of the Court of Appeals's treatment of the appeal in July 2013, it was constrained to apply the 2013 legislative narrowing of OCGA § 5-6-34 (a) (11), and so to dismiss the appeal. But, to apply a procedural statute retroactively generally does not mean that it applies with respect to prior filings, proceedings, and occurrences, but rather that the procedural change affects future court filings, proceedings, and judgments that arise from prior occurrences.

For example, in *Day v. Stokes*, 268 Ga. 494 (491 SE2d 365) (1997), this Court applied the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et

seq., specifically OCGA § 42-12-8, which requires that appeals in all prisoner suits proceed by application for discretionary appeal pursuant to OCGA § 5-6-35. In *Day*, the prisoner's civil suit was filed prior to the effective date of the Prison Litigation Reform Act of 1996, but the final order at issue and the notice of appeal were both filed after the Act became effective. Inasmuch as the prisoner did not file an application for discretionary appeal in accordance with OCGA § 5-6-35, this Court dismissed the direct appeal. In so doing, this Court noted the decision of the Court of Appeals in *Crimminger v. Habif*, 174 Ga. App. 440 (330 SE2d 164) (1985), a case involving a lawsuit filed in 1982 in which a verdict was obtained in September 1984, and a judgment was entered in October 1984, both after the July 1984 effective date of OCGA § 5-6-35. The Court of Appeals properly held in that situation that a right to appeal did not arise until judgment was entered, and that the law regarding appellate procedure in effect at the time of the judgment governed.[2] This Court observed that such

_____

[2] However, the general rule for the triggering event of retroactive application of an alteration of a procedural statute gives way when the General Assembly makes express provision otherwise. *In the Interest of K. R.*, 285 Ga. 155, 156 (674 SE2d 288) (2009), is a prime example of such legislative intervention. That case involved the legislative enactment that amended OCGA § 5-6-35 so as to require a discretionary application to appeal from orders terminating parental rights, OCGA § 5-6-35 (a) (12). This Court held that the determinative event for application of OCGA § 5-6-35 (a) (12), was the time the legal action was filed, rather than the date that the order sought to be appealed in such action was issued. *In the Interest of K. R.*, at 156. This was so because the Act that provided for the statutory amendment to appellate procedure contained in OCGA § 5-6-35 (a) (12),

holding was "in accord with the long-standing rule regarding changes in procedural law." *Day v. Stokes*, supra.

The Court of Appeals went further astray in its retroactivity analysis by relying on support from this Court's decision in *Stevens v. State*, 292 Ga. 218 (734 SE2d 743) (2012), in which we applied the holding in *Sosniak v. State*, 292 Ga. 35 (734 SE2d 362) (2012). In *Sosniak*, this Court held that a criminal defendant seeking review of the denial of a pre-trial motion for a constitutional speedy trial does not have the right to bring a direct appeal but must follow the statutory interlocutory appeal procedures, and dismissed the appeal. This Court relied upon *Sosniak* to dismiss the direct appeal in *Stevens* even though the *Stevens* appeal was filed before the decision in *Sosniak* was rendered. But, *Sosniak* was not based on a change in the law, that is, by Constitution or statute, but instead resulted from a change in *judicial interpretation* of the constitutional or statutory law. Such a judicial determination presumptively applies retroactively to all cases in the "pipeline," unlike a change in the law resulting from constitutional or statutory amendment. See *Banks v. ICI Americas*, 266 Ga.

---

expressly stated that the amendment was to apply to all child custody proceedings and modifications of child custody filed on or after the amendment's effective date. *In the Interest of K. R.*, at 156.

607 (469 SE2d 171) (1996), in which this Court distinguished *Landgraf v. USI Film Products*, 511 U. S. 244 (114 SCt 1483, 128 LE2d 229) (1994) (holding that § 102 of the Civil Rights Act of 1991, which allows successful Title VII claimants to recover compensatory and punitive damages, is not retroactively applicable to cases pending on appeal when the statute was enacted), on the basis that it involved the principle against the retroactive application of statutes as opposed to the situation in which the new "law" results from a judicial decision under which circumstance retroactive application is favored. *Banks v. ICI Americas*, at 609-610 (3).

As noted, in the present case all salient dates, i.e., filing of the action, issuance of the order sought to be appealed, and filing of the notice of appeal, occurred prior to the effective date of the amendment to OCGA § 5-6-35 (a) (11). Therefore, a proper retroactivity analysis and its application in this case do not provide a basis for dismissing Ms. Murphy's appeal.

However, even under the prior version of OCGA § 5-6-34 (a) (11), there was no right of direct appeal from the recusal order at issue. In *Edge v. Edge*, 290 Ga. 551 (722 SE2d 749) (2012), this Court plainly stated that such statutory provision was limited to "order[s] in a child custody case *regarding which*

*parent has custody* regardless of finality." (Emphasis supplied.) Clearly, the recusal ruling is not such an order. Consequently, the dismissal of Ms. Murphy's appeal was warranted.[3]

Judgment affirmed. All the Justices concur.

Decided June 30, 2014.

Certiorari to the Court of Appeals of Georgia – 322 Ga. App. 829.

A. Larry King, Jr., Millard C. Farmer, Jr., for appellant.

Glover & Davis, Peter A. Durham, Clifton M. Sandlin, Michael W. Warner, Taylor B. Drake, Davis, Zipperman, Kirschenbaum & Lotito, Paul A. Griffin, Rosenzweig, Jones, Horne & Griffis, Melissa L. Darden Griffis, Kilpatrick, Townsend & Stockton, Stephen E. Hudson, William R. Poplin, Jr., for appellee.

---

[3] That portion of the opinion of the Court of Appeals discussing appealability of the recusal order under the collateral order doctrine is not at issue in this appeal following the grant of certiorari to the Court of Appeals. However, as that Court noted, a party wishing to appeal a pretrial ruling on a recusal motion has the option to seek an interlocutory appeal or to appeal immediately after an adverse final judgment. *White v. Lumpkin*, 272 Ga. 398 (529 SE2d 879) (2000); *Chandler v. Davis*, 269 Ga. 727, 728 (504 SE2d 440) (1998).