[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11910

_____

D.C. Docket No. 1:09-cv-01855-TCB

JAMES MANUEL PHILLIPS, JR.,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 31, 2018)

Before ROSENBAUM, JULIE CARNES, Circuit Judges, and SCHLESINGER,[*]
District Judge.

JULIE CARNES, Circuit Judge:

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

Petitioner James Manuel Phillips, a Georgia prisoner, appeals the district court's order dismissing his federal habeas corpus petition as time-barred. The dismissal order was based on the district court's conclusion that Petitioner's conviction became final, and thus triggered the one-year statute of limitations applicable to his federal habeas petition, on the date Petitioner missed the deadline for filing a petition for certiorari review of his conviction by the Georgia Supreme Court. We granted a certificate of appealability on the sole issue of whether the district court erred by concluding that the statute of limitations began to run when the deadline expired for Petitioner to file a certiorari petition in the Georgia Supreme Court, rather than ninety days after the date the Georgia Supreme Court dismissed Petitioner's certiorari petition as time-barred. After a careful review of the record and with the benefit of oral argument, we affirm.

## I.     BACKGROUND

### A.     State Court Conviction and Direct Appeal

A Georgia jury convicted Petitioner in 2000 of child molestation, two counts of sexual exploitation of children, two counts of theft by receiving stolen property, and obstruction of a law enforcement officer. In 2004, the Georgia Court of Appeals affirmed Petitioner's child molestation conviction, but reversed the other convictions due to insufficient evidence. *Phillips v. State*, 269 Ga. App. 619 (2004). In 2005, Petitioner was sentenced to twenty years for the child molestation

conviction. The Georgia Court of Appeals dismissed Petitioner's appeal of the child molestation conviction and sentence on July 24, 2006, and denied his motion for reconsideration on August 16, 2006.

Pursuant to Georgia Supreme Court Rule 38, Petitioner had ten days from the date the Georgia Court of Appeals denied reconsideration, or until August 26, 2006, to file a notice of intent to apply to the Georgia Supreme Court for certiorari, and twenty days, or until September 5, 2006, to submit a certiorari petition to the clerk of the Georgia Supreme Court. *See* Ga. Sup. Ct. R. 38. Rule 38 describes both requirements—filing a notice of intent to apply for certiorari within ten days and submitting the certiorari petition to the clerk within twenty days—as "mandatory." *Id.* Petitioner never filed a notice of intent to apply for certiorari, and he did not submit his petition for certiorari until September 7, 2006, two days after the September 5 deadline.[1]

On November 6, 2006, the Georgia Supreme Court dismissed Petitioner's certiorari petition as untimely, noting that it was due on September 5, 2006, but was not filed until September 7, 2006. *Phillips v. State*, No. S07C0074 (Ga. Nov. 6, 2006). Petitioner moved for reconsideration on November 14, 2006. The Georgia Supreme Court denied the request on December 15, 2006. Petitioner did

---

[1] Petitioner claims he mailed his certiorari petition on September 5th, but Georgia does not apply the prison-mailbox rule to direct appeals. *See Riley v. State*, 280 Ga. 267, 268 (Ga. 2006). Thus, the petition was not considered filed until it was received by the clerk on September 7, 2006.

3

not seek further review by moving for a rehearing in the Georgia Supreme Court, and he did not file a petition for certiorari to the United States Supreme Court.

### B.    State Habeas Petition

On February 12, 2007, Petitioner filed a pro se state habeas corpus petition in which he challenged the validity of his child molestation conviction.  Following an evidentiary hearing, the state habeas court denied the petition on April 2, 2008. Petitioner's state habeas proceeding concluded on July 25, 2008, when the Georgia Supreme Court denied Petitioner's motion for reconsideration of its order denying Petitioner's application for a certificate of probable cause.

### C.    Federal Habeas Petition

Petitioner filed his § 2254 federal habeas corpus petition on June 29, 2009. The State moved to dismiss the petition as untimely pursuant to the one-year statute of limitations that is applicable to federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

A magistrate judge issued a Report and Recommendation ("R&R"), recommending that the State's motion be granted.  The magistrate judge determined that Petitioner's conviction became final—and AEDPA's one-year statute of limitations thus began to run—when the deadline for Petitioner to submit a timely certiorari petition to the Georgia Supreme Court expired on September 5,

4

2006. The magistrate judge noted that Petitioner subsequently waited over five months—until February 12, 2007—to file his state habeas petition. The statute of limitations was tolled while Petitioner's state habeas petition was pending, but began to run again when the state habeas proceeding concluded on July 25, 2008. Petitioner then waited over eleven months—until June 29, 2009—before filing his § 2254 petition in federal court. Because the untolled periods of time amounted to more than one year, the magistrate judge concluded that AEDPA's limitations period had already expired by the time Petitioner filed his § 2254 petition. Over Petitioner's objection, the district court adopted the R&R.

Petitioner subsequently filed a request for a certificate of appealability, asserting that he was entitled to equitable tolling because the State had impeded his ability to timely file his certiorari petition in the Georgia Supreme Court. Construing his request as a motion for reconsideration, the district court vacated its order and referred the case back to the magistrate judge to address Petitioner's equitable tolling argument. The magistrate judge issued a second R&R concluding that equitable tolling was not warranted and again recommending that the district court grant the State's motion to dismiss the § 2254 petition as untimely. Petitioner did not file any objections, and the district court adopted the R&R dismissing Petitioner's § 2254 petition as untimely.

Petitioner later objected and moved for reconsideration, arguing that his conviction did not become final on September 5, 2006, when the deadline expired for him to file a petition for certiorari in the Georgia Supreme Court, but rather that the conviction became final on February 5, 2007, ninety days after the Georgia Supreme Court dismissed Petitioner's certiorari petition as untimely. In asserting this argument, Petitioner relied upon the general rule that a conviction becomes final for AEDPA purposes when the Supreme Court denies or rules on the merits of a certiorari petition or, in the event that certiorari review by the Supreme Court is available but no petition for certiorari to the Supreme Court is filed, when the deadline for filing such a petition expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).  Pursuant to Supreme Court Rule 13.1, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort" must be filed within ninety days "after entry of the order denying discretionary review." Sup. Ct. R. 13.1. According to Petitioner, the Georgia Supreme Court's order dismissing his certiorari petition as untimely qualified as an "order denying discretionary review" that was subject to certiorari review by the Supreme Court. *See id.*  Thus, under Petitioner's reasoning, his conviction became final ninety days after the Georgia Supreme Court's dismissal order.

After reviewing Petitioner's objections, the district court denied his motion for reconsideration.  In accordance with its initial decision on the issue, the court held that when a petitioner misses a deadline for seeking review of his direct appeal in the state's highest court, his conviction becomes final on the date the deadline expires.  Accordingly, the court concluded that Petitioner's conviction became final on September 5, 2006, when he missed the deadline for petitioning the Georgia Supreme Court for certiorari, and that his § 2254 petition was therefore untimely.  The court also determined that Petitioner was not entitled to equitable tolling, and denied Petitioner a certificate of appealability ("COA") as to both of those issues.

A member of this Court subsequently granted Petitioner a COA on the following issue:

> Whether the district court erred in dismissing [Petitioner's] 28 U.S.C. § 2254 petition as time-barred based on its calculation of the date [Petitioner's] conviction became final under 28 U.S.C. § 2244(d)(1)(A).

## II.    DISCUSSION

### A.    Standard of Review

We review de novo the district court's determination that Petitioner's § 2254 habeas corpus petition is time-barred.  *Dolphy v. Warden*, *Cent. State Prison*, 823 F.3d 1342, 1344 (11th Cir. 2016).  We also review de novo the district court's resolution of any questions of law underlying that determination.  *Cadet v. Florida*

7

*Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017).  We review the district court's factual findings for clear error.  *Id.*

### B.    AEDPA's Statute of Limitations

AEDPA imposes a one-year statute of limitations for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").  The limitations period begins to run on the date the petitioner's conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review."[2]  *Id.* § 2244(d)(1)(A).  Assuming a petitioner timely pursues all available state and federal relief, his conviction becomes final for purposes of AEDPA's limitations period when the Supreme Court denies or rules on the merits of his certiorari petition.  *See Gonzalez*, 565 U.S. at 149–50.  If the petitioner timely pursues all available state relief on direct review, but does not file a petition for certiorari to the Supreme Court, his conviction becomes final at the expiration of the period for filing such a petition. *See id.*  But if the petitioner fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant state court expires.  *See id.*

---

[2]  There are three other possible dates for commencement of the limitations period, but none of those dates are applicable here.  *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

The AEDPA limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2). In addition, it is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).

### C.     Petitioner's Federal Habeas Petition Is Time-Barred

Based on the plain language of § 2244(d)(1)(A), the district court correctly held that Petitioner's conviction became final on September 5, 2006, and that his federal habeas petition was therefore time-barred. Section 2244(d)(1)(A) provides two alternative dates on which a conviction becomes final: (1) at the "conclusion of direct review" or (2) upon the "expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As the Supreme Court has explained, each of these alternatives applies to a "distinct category of petitioners." *Gonzalez*, 565 U.S. at 150. "For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Id.* But for all other petitioners, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Id.*

Because Petitioner did not pursue direct review all the way to the Supreme Court, he falls within the second category of petitioners—those whose judgment of

conviction becomes final at the "expiration of the time for seeking such review" in the Supreme Court or in state court. *See id.* To seek review in the Georgia Supreme Court, Petitioner was required to file a petition for certiorari within 20 days of the entry of judgment by the Georgia Court of Appeals. Ga. Sup. Ct. R. 38(2). It is undisputed that Petitioner failed to meet that requirement. Pursuant to the plain language § 2244(d)(1)(A), Petitioner's conviction thus became final for purposes of AEDPA's limitations period when the time expired for him to submit a certiorari petition to the Georgia Supreme Court on September 5, 2006. *Accord Butler v. Cain*, 533 F.3d 314, 316–20 (5th Cir. 2008) (holding that a habeas petitioner's conviction became final when he missed the 30-day period for appealing an intermediate court's decision to the Louisiana Supreme Court, rather than when the Louisiana Supreme Court dismissed his appeal as untimely).

The limitations period subsequently ran for approximately five months (160 days)—from September 5, 2006 until February 12, 2007—before it was tolled by Petitioner's filing of a state habeas petition. *See* 28 U.S.C. § 2244(d)(2). The limitations period was tolled until the conclusion of Petitioner's state habeas proceedings on July 25, 2008. *See id.* At that point, Petitioner had 205 days left to file a timely § 2254 petition in federal court. Yet, he waited approximately eleven months (339 days) to file his petition, which was well outside of AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d)(1).

In reaching this conclusion, we necessarily reject Petitioner's argument that his conviction did not become final until February 5, 2007—ninety days after the Georgia Supreme Court dismissed his certiorari petition as untimely.[3]  The fatal flaw in Petitioner's argument is that he has not shown he was entitled to petition the United States Supreme Court for certiorari after the Georgia Supreme Court dismissed his petition.  Federal law provides for certiorari review by the United States Supreme Court of:

> [f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had . . . where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257(a).  The Georgia Supreme Court's decision that Petitioner's state certiorari petition was untimely under its own court rules did not raise a federal statutory or constitutional issue that would have given rise to certiorari review under § 1257(a).[4]

---

[3]  Petitioner calculates the ninety-day period as beginning on the date the Georgia Supreme Court dismissed his certiorari petition as untimely, not the date the Georgia Supreme Court denied his motion for reconsideration.  Based on the dismissal date, the ninety-day period actually would have expired on February 4, 2007.  However, because that day fell on a Sunday, we refer to the date of expiration as February 5, 2007.

[4]  The Supreme Court's decision in *American Railway Express Company v. Levee*, 263 U.S. 19 (1923) does not suggest otherwise.  In that case, the Louisiana Supreme Court denied the defendant's writ of certiorari in a conversion action, based on its determination that the judgment

Nor did the Georgia Supreme Court's timeliness decision entitle Petitioner to certiorari review by the United States Supreme Court of the merits of the claims he asserted on direct review.  In order to petition for certiorari review in the United States Supreme Court on the merits of his direct review claims, Petitioner was required to first seek review of the merits in the highest state court "in which a decision" on the merits "could be had."  *Id.  See also Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("In the absence of a clear statutory or constitutional bar to higher state court review, the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari." (citation omitted)).  The Georgia Supreme Court is the highest state court that could rule on the merits of the claims asserted on direct review of Petitioner's criminal conviction.  *Pugh*, 465 F.3d at 1300.  Our precedent is clear that Petitioner was not entitled to bypass a decision on the merits by the Georgia Supreme Court and petition the United States Supreme Court directly for certiorari review.  *See id.*

---

of the lower court was "correct."  263 U.S. at 20.  Addressing an objection that the writ of certiorari was to the Louisiana Court of Appeals rather than to the Louisiana Supreme Court, the United States Supreme Court explained that "the fact that the [Louisiana Supreme Court's] reason [for denying discretionary review] happened to be an opinion upon the merits rather than some more technical consideration, did not take from the refusal its ostensible character of declining jurisdiction."  *Id.* at 21.  Petitioner interprets this statement to mean that the Supreme Court will review a state supreme court's dismissal of a certiorari petition as untimely.  We disagree.  In context, this statement merely explains that the Supreme Court could exercise certiorari where the Louisiana Supreme Court had denied discretionary review based on its assessment of the merits of the case.  *See id.*  That explanation has no bearing on our inquiry here.

12

(holding that the petitioner, who had failed to seek review of his conviction in the Georgia Supreme Court, was not entitled to petition the United States Supreme Court for a writ of certiorari).

Moreover, we are unpersuaded by Petitioner's argument that he was entitled to petition the United States Supreme Court for certiorari review because the Georgia Supreme Court could have waived the untimeliness of his petition.  The authority cited by Petitioner, *State v. Tyson*, 273 Ga. 690 (Ga. 2001), does not support his position.  In *Tyson*, the Georgia Supreme Court explained that:

> The Constitution of the State of Georgia of 1983 gives the Supreme Court the power to 'review by certiorari cases in the Court of Appeals which are of gravity or great public importance.'  This constitutional provision places no limit on this Court's certiorari jurisdiction.  As a result, we have jurisdiction to review any decision of the court of appeals by certiorari so long as the case presents an issue of great concern, gravity, and importance to the public.

*Tyson*, 273 Ga. at 692.  Although *Tyson* makes clear that there is no limit on the Georgia Supreme Court's subject matter jurisdiction, it does not hold that the court must—or should—review untimely certiorari petitions.  *See id*.  Indeed, *Tyson* does not address the Georgia Supreme Court's authority to consider untimely petitions at all.

But even assuming the Georgia Supreme Court could have waived the untimeliness of Petitioner's certiorari petition, the fact is that it did not.  The Supreme Court has held that "the possibility that a state court may reopen direct

13

review does not render convictions and sentences that are no longer subject to direct review nonfinal." *Jimenez v. Quarterman*, 555 U.S. 113, 120 n.4 (2009) (internal quotations marks omitted).  Consequently, the fact that the Georgia Supreme Court arguably had the authority to consider the merits of Petitioner's untimely certiorari petition has no impact on our determination that Petitioner's conviction became final for purposes of § 2244(d)(1) when the time for him to pursue direct review in the Georgia Supreme Court expired on September 5, 2006. 28 U.S.C. § 2244(d)(1)(A).[5]

We note that, taken to its logical conclusion, Petitioner's argument to the contrary would allow any Georgia habeas petitioner to indefinitely and unilaterally extend the finality of his conviction simply by filing an untimely petition for certiorari to the Georgia Supreme Court.  Under Petitioner's reasoning, the Georgia Supreme Court's subsequent dismissal of such a petition as untimely would undo the finality of the petitioner's conviction and reset the AEDPA's limitations period, giving the petitioner ninety days from the date of the dismissal order to file a federal habeas petition that otherwise would be time-barred.  That result would be

---

[5]  Of course, the result would be different if the Georgia Supreme Court had granted Petitioner an out-of-time appeal and considered the merits of the claims he asserted on direct review.  *See Jimenez*, 555 U.S. at 120.  In that event, the out-of-time appeal would have "restored the pendency of the direct appeal" such that Petitioner's conviction was "no longer final for purposes of § 2244(d)(1)(A)."  *Id.* (alteration adopted and internal quotation marks omitted).  The judgment would then become final when the Supreme Court denied or ruled on the merits of a certiorari petition seeking review of the out-of-time appeal, or at the expiration of the time for seeking certiorari review of the state court's decision on the out-of-time appeal.  *Id.* at 121.

14

completely at odds with the finality interests AEDPA was intended to protect. *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004) ("The central purpose behind the AEDPA was to ensure greater finality of state and federal court judgments in criminal cases. . . .").

Because Petitioner has not shown that he was entitled to petition the United States Supreme Court for review either of the Georgia Supreme Court's decision to dismiss his state certiorari petition as untimely or of any state court's rulings on the merits of his direct review claims, there is no basis for incorporating the ninety-day period for seeking such review into our determination of the date upon which Petitioner's conviction became final for purposes of § 2244(d)(1). *See Gonzalez*, 565 U.S. at 154 (declining to incorporate the 90-day period for seeking certiorari where the Supreme Court would have lacked jurisdiction over a petition for certiorari); *Pugh*, 465 F.3d at 1300 (noting that a petitioner who was not entitled to petition the Supreme Court for certiorari review was likewise not entitled to an extension of AEDPA's limitations period to account for the 90-day period in which to file such a petition). Nor is there any other ground for delaying the commencement of AEDPA's limitations period beyond the date upon which Petitioner's time for seeking certiorari review in the Georgia Supreme Court expired on September 5, 2006.

15

Finally, Petitioner's argument that his conviction did not become final until the remittitur from the Georgia Court of Appeals was filed in the superior court on January 23, 2007 is wholly without merit. In support of this argument, Petitioner relies on our decision in *Day v. Chatman*, 130 F. App'x 349 (11th Cir. 2005). *Day* is unpublished, and therefore it is not binding precedent. *See* 11th Cir. R. 36-2. But in any event, *Day* interpreted the meaning of the term "pending" as used in the tolling provision of § 2244(d)(2), rather than the meaning of the term "final" as used in § 2244(d)(1). Specifically, the Court held in *Day* that a state proceeding is no longer pending in Georgia—and thus AEDPA's statute of limitations is no longer tolled—"where the appellate court has issued the remittitur and it has been received and filed in [the] clerk's office of the court below." *Day*, 130 F. App'x at 350. It did not hold that a conviction is not final for AEDPA purposes until the remittitur is filed, which would be contrary to the plain language of § 2244(d)(1).

In short, and for all of the reasons discussed above, we agree with the district court that Petitioner's conviction became final for purposes of AEDPA's statute of limitations provision on September 5, 2006. As Petitioner's federal habeas petition was thus filed well outside of the one-year limitations period, the district court correctly dismissed the petition as time-barred.

16

## III.    <u>CONCLUSION</u>

For the foregoing reasons, we **AFFIRM** the district court's dismissal of

Petitioner's § 2254 petition as time-barred.