# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0752. GARRETT v. THE STATE.**

In 2016, Rashaad Garrett entered a guilty plea to felony theft by taking and proceeded to trial on several other felony charges, including armed robbery, two counts of robbery, criminal attempt to commit armed robbery, criminal attempt to commit burglary, aggravated assault, and violation of the Street Gang Terrorism and Prevention Act. A jury found Garrett guilty of both counts of robbery and the gang offense, and a mistrial was declared on the remaining charges. Garrett filed a motion for new trial, which the trial court denied as untimely. He appealed, and in an unpublished opinion, we reversed the judgment and remanded the case with direction, after concluding that the motion was timely and that he was entitled to a hearing on his motion for new trial. See Case No. A20A1730 (Jan. 14, 2021). After the remittitur issued, Garrett filed an amended motion for new trial. Following a hearing, the trial court denied the motion on the merits, and Garrett filed a timely notice of appeal. We, however, lack jurisdiction.

In *Seals v. State*, the Supreme Court determined a criminal case is not final until written judgment has been entered on all counts of an indictment. See *Seals v. State*, 311 Ga. 739, 741-743 (2) (a) (860 SE2d 419) (2021). "Such a judicial determination presumptively applies retroactively to all cases in the 'pipeline.'" *Murphy v. Murphy*, 295 Ga. 376, 379 (761 SE2d 53) (2014) (citations omitted). Here, the jury was unable to reach a verdict on four counts, prompting the trial court to declare a mistrial as to those counts. "Longstanding precedent provides that declaring a mistrial does not finally dispose of a case." *Seals*, 311 Ga. at 744 (2) (b). Accordingly, in order to appeal the denial of his motion for new trial, Garrett was

required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. Id.; OCGA § 5-6-34 (b). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office,*
*Atlanta,  07/19/2023*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*